ALCIDES CORONADO, Plaintiff and Counterdefendant-Appellant, v. FIREMAN'S FUND INSURANCE COMPANY, Defendant and Counterplaintiff-Appellee.

First District (4th Division)   No. 84—623

Opinion filed March 7, 1985.—Rehearing denied April 8, 1985.

Raymond P. Concannon, Ltd., of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Thomas M. Hamilton, Stephen R. Swofford, and Joshua G. Vincent, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Following an automobile accident, plaintiff/insured filed a demand for arbitration with the American Arbitration Association (AAA) under his uninsured motorist coverage, listing the applicable policy limits as $10,000/$20,000. Defendant/insurance company confirmed the policy limits listed in the demand and made no objection to arbitration. Some 10 months later, plaintiff filed an amended demand for arbitration, asserting retroactive application of an amendment to the Illinois Motor Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 7—203), and listing the applicable policy limits as $15,000/$30,000.

An award was entered in plaintiff's favor in the sum of $13,000 ($15,000 less $2,000 medical payments). Defendant timely requested modification of the award to conform to the contract limits, those set forth in plaintiff's unamended demand. Based thereon, the arbitrator modified the award to $8,000 ($10,000 less medical payments).

Plaintiff filed for and defendant counterclaimed for declaratory judgments in the circuit court of Cook County, and the parties filed cross-motions for summary judgments. The trial court ordered summary judgment in defendant's favor, and plaintiff now appeals.

We affirm the decision of the circuit court, affirming the modified arbitration award.

BACKGROUND

On June 2, 1980, plaintiff, Alcides Coronado, was involved in an automobile accident with an uninsured motorist while driving a vehicle owned by his employer. Plaintiff wrote to his insurer, defendant Fireman's Fund Insurance Company (Fireman's), requesting information about the coverage available to him under the policy issued to his employer on January 20, 1979, for a period extending to January 20, 1982. Defendant advised plaintiff that he was eligible for medical payments in the amount of $2,000 and for uninsured motorist coverage in the amount of $10,000/$20,000, the limits set forth in the written policy of insurance.

In April 1981, plaintiff filed a demand for arbitration with the American Arbitration Association (AAA), listing the applicable policy limits as $10,000/$20,000. Nine months later, plaintiff again wrote to defendant, requesting confirmation of the applicable policy limits for his uninsured motorist coverage. In February 1982, defendant again

confirmed the applicable policy limits as $10,000/$20,000 and made no objection to arbitration.

In February 1982, after receiving defendant's second written confirmation of policy limits, plaintiff filed an amended demand for arbitration, listing the applicable policy limits as $15,000/$30,000. The claim proceeded to arbitration, and an award was entered in plaintiff's favor in the sum of $13,000 ($15,000 less medical payments). Four days after entry of the award, defendant informed the arbitrator that the award was in excess of the stated policy limits and was being returned for modification. Subsequent to correspondence from both parties pertaining to the requested modification, the arbitrator entered an amended award in favor of plaintiff in the amount of $8,000 ($10,000 less medical payments).

Following denial of his application for reinstatement of the original award, plaintiff brought suit for declaratory judgment in the circuit court of Cook County. Defendant counterclaimed for declaratory judgment, and the parties filed cross-motions for summary judgment. The trial court granted defendant's motion for summary judgment, and plaintiff now appeals.

OPINION

On June 2, 1980, plaintiff was insured by defendant under a policy of insurance issued to his employer on January 20, 1979, extending for a three-year period ending January 20, 1982. At the time this policy was issued, the following provision of the Illinois Insurance Code was in effect:

"Sec. 143a. (1) *** no policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be *renewed or delivered or issued for delivery* in this state with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in *Section 7—203 of The Illinois Vehicle Code* ***." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 73, par. 755a.

At the time the policy under which plaintiff was insured was issued, the limits for bodily injury or death set forth in section 7—203 of the Illinois Vehicle Code were $10,000/$20,000. (Ill. Rev. Stat. 1979, ch. 95½, par. 7—203.) Section 7—203 was amended, effective March 1, 1980, to increase the statutory limits for uninsured motorist coverage to $15,000/$30,000. (Ill. Rev. Stat. 1981, ch. 95½, par. 7—203.)

On appeal, plaintiff contends that the 1980 amendment to the Illinois Motor Vehicle Code applies retroactively to increase the stated policy limits set forth in defendant's written contract of insurance. For the following reasons, we find no merit in this contention.

First, the plain language of section 143a, which incorporates by reference section 7—203, makes clear that the limits stated in section 7—203 apply at the time a policy is "renewed or delivered or issued for delivery." (Ill. Rev. Stat. 1981, ch. 73, par. 755a.) At the occurrence of one of these events, and one of these events only, the then extant version of section 7—203 is looked to for the purpose of controlling policy limits. Whatever version of the statute is in force at the time one of these events occurs determines any questions, including those of applicable limits, arising under the policy provisions. (*Bertini v. State Farm Mutual Automobile Insurance Co.* (1977), 48 Ill. App. 3d 851, 362 N.E.2d 1355.) The limits in effect at delivery or issuance for delivery would then remain in effect until such time as the policy is renewed. If, between the time of the original issuance and the time of renewal, a statutory change takes place such as to bring the written contract into conflict with the statute, the amended statute would of course affect and control the terms of the renewed contract. *Bertini v. State Farm Mutual Automobile Insurance Co.* (1977), 48 Ill. App. 3d 851, 362 N.E.2d 1355.

In the instant case, the contract was issued in 1979 and was not due to expire until 1982. The statute in force at the time the contract of insurance was issued set forth the limits for uninsured motorist coverage as $10,000/$20,000. The statutory change occurred in March 1980, after the time of issuance and prior to the contract's expiration date. When the period of coverage ended on January 30, 1982, the March 1980 amendment had an effect on the terms of any future contract. However, prior to the time for renewal, absent certain express statutory language, the contract here was governed by the written contract terms in conformance with the statute in force at the time of issuance.

As mentioned above, the inclusion of certain express language in the statute may present an exception to the general rule that statutes which are in force at the time a contract is issued are controlling throughout the term of the contract. Such an exception is present where a statute contains express language declaring an amendatory act to be retroactive. (*General Motors Corp., Fisher Body Division v. Industrial Com.* (1975), 62 Ill. 2d 106, 338 N.E.2d 561.) A legislative enactment cannot, however, be given retroactive effect in the absence of a clear expression of legislative intent to do so. (*General Motors*

*Corp., Fisher Body Division v. Industrial Com.* (1975), 62 Ill. 2d 106, 338 N.E.2d 561.) Thus, the second reason why plaintiff's contention of retroactive application of section 7—203, as amended, must fail is that the statute contains no express language setting forth the legislature's unequivocal intention that the amendatory change be applied retroactively. Absent such clear expression of intent and in light of the plain language of the statute, we find no merit in plaintiff's assertion of retroactive application.

■ Plaintiff next contends on appeal that defendant's failure to comply with Rule 4 of the Accident Claims Arbitration Rules constitutes waiver and estoppel under Rule 24, preventing defendant from contesting the increased policy limits. Our construction of Rule 4, which reads in pertinent part as follows, does not support plaintiff's assertion:

"The AAA will acknowledge receipts of the Demand to all parties. The insurer(s) shall have twenty calendar days within which to affirmatively deny coverage or AAA jurisdiction under the policy. If no such procedure is initiated, it will be assumed that there is no objection to arbitration and that the claim is denied. Where the insurer moves in court to contest coverage, administration will be suspended until that issue is determined. Arbitrators may only decide contested issues of coverage where ordered to do so by a court, or where authorized by law, or where both parties so agree in writing."

Rule 24, upon which plaintiff relies for his assertion of waiver, states as follows:

"Waiver of Rules

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these Rules has not been complied with and who fails to state objection thereto in writing shall be deemed to have waived the right to object."

■ The 20-day limitation contained in Rule 4 only applies where the insurer affirmatively denies coverage or AAA jurisdiction under the policy. Defendant here maintains that the written policy limits and the statute in force at the time the policy of insurance was issued govern the limits of the arbitration award. This position constitutes neither a *denial* of coverage nor of AAA jurisdiction. For this reason, the 20-day limitation set forth in Rule 4 of the Accident Claim Arbitration Rules did not apply to defendant. The assumption that automatically followed defendant's failure to act under Rule 4, that there was no objection to arbitration and that the claim was denied, was entirely proper.

In light of the fact that Rule 4 need not have been complied with by defendant, plaintiff's assertion of waiver and estoppel, based on defendant's failure to comply with the 20-day requirement of Rule 4, must correspondingly fail.

Where the waiver argument based on Rule 4 does not fail, however, is where it is asserted by defendant in response to plaintiff's contention that the arbitrators were without jurisdiction to decide contested issues of coverage, *i.e.*, the policy limits applicable to plaintiff's demand. Rule 4 states that arbitrators may decide contested issues of coverage where both parties so agree in writing. Here, the record reveals that defendant made written request to the AAA for modification of the arbitration award and that plaintiff thereto replied prior to the entry of the modified award. Such reply by plaintiff absent a motion to stay the modification of the award or an objection to the arbitrator's decision as to the applicable policy limits suggests that plaintiff agreed to have the arbitrators decide this issue. Such agreement is further supported by the written correspondence between plaintiff and the AAA, which includes plaintiff's suggestion that defendant "follow the mandate of the Arbitration Act in its attempt to modify or correct the award." Moreover, because the insurer never "moved in court to contest coverage," it is questionable whether the request for modification of the arbitration award even falls within the purview of "contested issues of coverage" such as to necessitate one of the prerequisites for jurisdiction set forth in Rule 4.

We therefore find that plaintiff has waived his right to contest the propriety of the AAA's deciding the issue of policy limits. Similarly, plaintiff's objection to the manner in which defendant applied for modification is also waived.

For the reasons stated above, we affirm the trial court's decision, granting summary judgment in favor of defendant.

Affirmed.

JOHNSON and ROMITI, JJ., concur.