MYRA GOLDEN, Plaintiff-Appellee, v. THE DEPARTMENT OF PUBLIC AID *et al.*, Defendants-Appellants.

Third District   No. 3—86—0234

Opinion filed November 21, 1986.

Neil F. Hartigan, Attorney General, of Springfield (Karen Konieczny, Assistant Attorney General, of Chicago, of counsel), for appellants.

Bernard H. Shapiro, of Prairie State Legal Services, of Rockford, and Gregory J. McHugh, of Prairie State Legal Services, Inc., of Rock Island (Thomas L. Kilbride, of counsel), for appellee.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

Defendants, the Illinois Department of Public Aid and its Director, Gregory L. Coler, appeal from orders entered by the circuit court of Rock Island County reversing a final administrative decision issued by the Director. On January 8, 1986, the circuit court of Rock Island County issued an order invalidating the Department of Public Aid regulation, 89 Ill. Admin. Code, chapter I, section 112.78(e) (1985) (recodified at 89 Ill. Admin. Code., ch. I, sec. 160.10(f) as of June 30, 1986), finding it inconsistent with State and Federal law. On March 4, 1986, the court entered an order denying defendants' motion for reconsideration.

Plaintiff, Myra Golden, submitted a notice of appeal to the Rock Island County department of public aid on August 14, 1985, request-

ing a hearing concerning whether the department properly denied a $50 child support "pass through" payment to her in August 1985. On September 26, 1985, a hearing convened wherein it was established that the father of Golden's son, Alrusset, made an $88 child-support payment to the Rock Island circuit court clerk's office on June 25, 1986. The circuit clerk's office transmitted the child-support payment to the Illinois Department of Public Aid, and on July 1, 1985, the Department posted the payment on behalf of Golden's son. A caseworker with the Rock Island department of public aid testified that the Illinois Department of Public Aid has adopted rules relating to child-support enforcement and the distribution of child support to recipients of Aid to Families with Dependent Children (AFDC). (89 Ill. Admin. Code, ch. I, sec. 112.78 *et seq.* (1985) (recodified at 89 Ill. Admin. Code, ch. I, sec. 160.10 *et seq.* as of June 30, 1986).) These rules provide, in part, that child-support

> "payments up to $50.00 of the current child support collected by the Department in a month, will be dispersed to the assistance unit. Payment will be made in the second month following the month the child support payment is received by the Department." 89 Ill. Admin. Code, ch. I, sec. 112.78(e) (1985).

The payments of up to $50 of support which are collected by the Department and subsequently disbursed to the assistance unit for distribution to recipients of AFDC are considered "pass through" payments. The caseworker testified that the Department has established a policy that child-support payments are deemed collected by the Department when they are posted to the accounts receivable of the Illinois Department of Public Aid. Further, that this policy limits recipients of AFDC to one $50 "pass through" payment per month, regardless of the number of child-support payments received by the Department during a given month. The caseworker further explained that Golden would not receive a $50 "pass through" payment in August 1985 because the controlling date for distributing any "pass through" payment is the date the support is received and posted by the Department in Springfield. Given the $88 child-support payment made on the 25th of June was not posted by the Department until the first of July, Golden would not receive a $50 "pass through" payment in August 1985 based upon that support payment. Golden, however, would receive one $50 "pass through" payment in September 1985 regardless of the number of additional support payments posted by the Department during the month of July.

At the close of the hearing, the hearing officer found *inter alia* that (1) Alrusset's father had made a child-support payment of $88 to

the Rock Island County circuit court clerk's office on June 25, 1985; (2) this payment was forwarded to the Department and was posted on July 1, 1985; and (3) Golden did not receive an August 1985 "pass through" payment because there was no support payment posted on the Department's accounts receivable ledger in June 1985. Based on these findings, the Director issued a final administrative decision on October 4, 1985, holding that the Department was not required to furnish an August 1985 "pass through" payment to Golden as no support payments were posted on the Department's accounts receivable ledger in June 1985.

Golden filed a complaint in the circuit court of Rock Island County seeking judicial review of the Director's administrative decision on October 11, 1985. The court, after reviewing the administrative record and hearing arguments of counsel, issued its findings and entered an order reversing the Director's administrative decision on January 8, 1986. The court further ordered the Department to pay $50 to Golden as a "pass through" payment for August 1985. The court held the Department's rule, for the purpose of distributing a "pass through" payment, that child support is considered collected on the date the payment is received and posted by the Department's Bureau of Child Support in Springfield was invalid in that Federal law and State court support orders require the crediting of child-support payments as received on the date they are actually received by the clerk of the circuit court.

On March 4, 1986, the court denied the Department's motion for reconsideration. The defendants in their appeal request reversal of the court's orders and reinstatement of the Department's final administrative decision.

The sole issue presented for review is whether the Illinois Department of Public Aid, in accordance with State and Federal law, correctly considers child support as collected, for the purpose of distributing "pass through" payments required by 42 U.S.C. section 657(b)(1) (1985), on the date the child-support payment is received by the Department's Bureau of Child Support in Springfield.

The rules governing the payment of child support for children who are recipients of AFDC are established by Federal statute (42 U.S.C. secs. 651 to 667 (1982 & Supp. III 1985)), by Federal regulations (45 C.F.R. secs. 301 to 307 (1982)), by State statute (Ill. Rev. Stat. 1985, ch. 23, pars. 10–1 to 10–19; ch. 40, pars. 709 to 712), and by State regulations (89 Ill. Admin. Code, ch. I, sec. 112.78 *et seq.* (1985)). The Social Security Act creates programs, services, and incentives designed to enable custodial parents and their children to obtain

child support from absent parents. (See 42 U.S.C. sec. 651 *et seq.* (1982 & Supp. III 1985).) As a condition of eligibility for receiving AFDC, recipients must cooperate with the State of Illinois Department of Public Aid in establishing paternity, securing child support from absent parents, and must assign any support monies received to the State. (42 U.S.C. secs. 602(a)(26)(A), (a)(26)(B) (1982 & Supp. III 1985).) In the event the State collects child-support monies which are in excess of the amount of public assistance furnished a recipient, these excess monies are to be distributed to the AFDC assistance unit for subsequent distribution to the AFDC recipient. 42 U.S.C. sec. 657(b) (1982 & Supp. III 1985).

Federal law provides that child-support monies collected by the State, regardless of whether they exceed the amount of public assistance furnished an AFDC recipient, shall be distributed as follows:

"The first $50.00 of such amounts as are collected periodically which represent monthly support payments shall be paid to the family without affecting its eligibility for assistance or decreasing any amount otherwise payable as assistance to such family during such month; \*\*\*." 42 U.S.C. sec. 657(b)(1) (1982 & Supp. III 1985).

The Secretary of Health and Human Services has promulgated regulations for the distribution of support collections by the State. These regulations provide, in pertinent part:

"For the purposes of distribution under this section, amounts collected shall be treated first as payment on the required support obligation for the month in which the support was collected and if any amounts are collected which are in excess of such amount, these excess amounts shall be treated as amounts which represent payment on the required support obligation for previous months. *The date of collection shall be the date on which the payment is received by the IV-D agency or the legal entity of the State or political subdivision actually making the collection on behalf of the IV-D agency.*" (Emphasis added.) 45 C.F.R. sec. 302.51(a) (1985).

To comply with Federal law, the Illinois Department of Public Aid enacted regulations providing *inter alia*:

"(a) A child whose eligibility for AFDC is based on the continued absence of a parent(s) from the home as defined in Section 112.63 is considered as deserted or abandoned by that parent. Title IV-D of the Social Security Act (42 USC 651 *et seq.*) contains special support enforcement provisions for these children. Title IV-D is implemented by the Department through its

Bureau of Child Support.

* * *

(e) For active AFDC cases, payments up to $50 of the current child support collected by the Department in a month, will be disbursed to the assistance unit. Payment will be made in the second month following the month the child support payment is received by the Department. This payment will be disregarded when determining eligibility for assistance and the amount of the AFDC assistance grant." 89 Ill. Admin. Code, ch. I, secs. 112.78(a), (e) (1985).

The Department in interpreting its rules and those promulgated by the Secretary of Health and Human Services has established a policy that the "date of collection" of child-support payments for the purpose of distribution is the date these payments are received and subsequently posted by the IV-D Agency, the Department's Bureau of Child Support in Springfield. The Department maintains that the Secretary's regulations allow States to elect one of three alternatives for determining a "date of collection" for subsequent distribution of child-support payments and that its election of the date on which payments are received and posted by the IV-D Agency is a proper interpretation and implementation of the Secretary's regulations. Golden maintains the "date of collection" language contained in section 302.51(a) of the Secretary's regulations does not create an option for the State to elect one of three possible collection dates, but rather identifies the various possible points of collection available to the State in achieving compliance with the requirements specified by the Federal government for administration of the AFDC program.

Our review of the record and the Federal and State regulatory child-support enforcement, collection, and distribution schemes, along with our State's statutory provisions providing for the collection, monitoring, and processing of child-support payments through the circuit court clerk's office, leads to the conclusion that the proper "date of collection" for purposes of "pass through" payments is the date of collection by the circuit court clerk's office.

Section 3—2.51(a) of the Secretary of Health and Human Services regulations provides that when "collections are received by an entity other than the agency responsible for final distribution * * *, the entity must transmit the collection within 10 days of receipt." (45 C.F.R. sec. 302.51(a) (1985).) The Department's Bureau of Child Support is the IV-D Agency responsible for "receiving and distributing support payments." (89 Ill. Admin. Code, ch. I, sec. 160.10(b)(5).) The record reveals the $88 child-support payment at issue was collected by the

Rock Island County circuit court clerk's office and the clerk's office subsequently transmitted it to the Department, thereby establishing the clerk's office to be the entity collecting and transmitting the payment to the Department. Further, Illinois statutory provisions provide for the collection, monitoring, and processing of child support payments for AFDC children through the circuit court clerk's office. Ill. Rev. Stat. 1985, ch. 40, par. 709(g).

In interpreting the disputed Federal regulatory language in the Secretary's regulation of section 302.51(a), the rule of construction that words employed must be given their plain, commonly understood meaning (*General Motors Corp. v. Industrial Com.* (1975), 62 Ill. 2d 106, 338 N.E.2d 561) leads this court to the conclusion that the regulation allows States to choose among three methods for collecting child-support payments, not three elective dates for calculating "pass through" payments. We find that the Department has opted to collect child support under a cooperative arrangement with the circuit court clerk's office and therefore the appropriate "date of collection" for calculating "pass through" payments is properly the date the payment is received by the clerk's office, which is "the legal entity of the State or political subdivision *actually making the collection* on behalf of the IV-D agency." (Emphasis added.) 45 C.F.R. sec. 302.51(a) (1985).

Based on the foregoing, we affirm the orders of the circuit court of Rock Island County entered on January 8, 1986, and March 4, 1986, reversing the final administrative decision issued by the State of Illinois Department of Public Aid on October 4, 1985, and ordering defendants to pay $50 to Golden as her August 1985 "pass through" payment based on the June 1985 child-support payment collected by the Rock Island County circuit court clerk's office.

Accordingly, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

STOUDER and WOMBACHER, JJ., concur.