Gloria WILCOX, et al., Plaintiffs,

v.

Michael PETIT, et al., Defendants,

v.

Otis R. BOWEN, Secretary U.S. Dept. of Health & Human Services.

Civ. No. 85–0342–P.

United States District Court, D. Maine.

Dec. 9, 1986.

Thomas H. Kelly, Pine Tree Legal Assistance, Portland, Me., Mary T. Henderson, Pine Tree Legal Assistance, Augusta, Me., Robert E. Mittel, Portland, Me., for plaintiffs.

Leigh I. Saufley, Raymond E. Ritchie, Carmen L. Coulombe, Office of the Atty.

Gen., Augusta, Me., for defendants Petit and Maine Dept. of Human Services.

Richard S. Cohen, Paula D. Silsby, F. Mark Terison, Office of U.S. Atty., Portland, Me., Joyce Elise McCourt, Asst. Regional Atty., Boston, Mass., for defendant Bowen.

## ORDER DENYING MOTION TO DISMISS AND DENYING MOTION FOR SUMMARY JUDGMENT

GENE CARTER, District Judge.

The Plaintiffs in this case receive assistance through the Aid to Families With Dependent Children (AFDC) program.[1] As a condition of receipt of AFDC benefits, each Plaintiff has assigned her right to child support payments to the Maine Department of Human Services. The Plaintiffs have alleged three causes of action naming Michael Petit, Commissioner of the Maine Department of Human Services (DHS), and Otis T. Bowen, Secretary of the United States Department of Health & Human Services, as Defendants.

■ There do not appear to be any material factual disagreements between the parties in regard to Plaintiffs' first cause of action, which alleges that the Defendants have misconstrued 42 U.S.C. § 657(b)(1). That section directs that some child support, when received by the state from the estranged spouse, be "passed through" to the AFDC recipient without affecting her eligibility for AFDC assistance:

> The first fifty dollars of such amounts as are collected periodically which represent monthly support payments shall be paid to the family without affecting its eligibility for assistance or decreasing any amount otherwise payable as assistance to such family during such month.

The parties agree on how this provision should be interpreted in cases in which one child support payment arrives each month and represents the entire amount due for that month. The Plaintiffs challenge the Defendants' interpretation of the statute, however, in cases where no payment is made one month and then a double payment is made the following month. The Secretary has mandated that in such cases only a single fifty dollars be forwarded to the welfare recipient. The Plaintiffs argue that if the Department has received two months worth of child support, then they should receive two fifty-dollar payments, not one.

Great deference is to be accorded the interpretation given a statute by the agency charged with administering it, but deference should never rise to the level of blind faith. *See Committee for an Independent P–I v. Hearst Corp.*, 704 F.2d 467, 473 (9th Cir.1983). The Supreme Court has instructed that a court reviewing an agency's interpretation of law should not "slip into judicial inertia" or "rubber stamp" administrative decisions, *Bureau of Alcohol, Tobacco & Firearms v. Federal Labor Relations Authority*, 464 U.S. 89, 97, 104 S.Ct. 439, 78 L.Ed.2d 195 (1983), and that reviewing courts "are not obliged to stand aside and rubber stamp" the agency. *NLRB v. Brown*, 380 U.S. 278, 291, 85 S.Ct. 980, 988, 13 L.Ed.2d 839 (1965). In addition, the Administrative Procedure Act states that "the reviewing court," not the agency, "shall decide all relevant questions of law." 5 U.S.C. § 706 (1982). *See Mayburg v. Secretary of Health & Human Services*, 740 F.2d 100 (1st Cir.1984). Courts should not defer to an administrative construction of a statute when there are "compelling indications that it is wrong." *Espinoza v. Farah Manufacturing Co.*, 414 U.S. 86, 94–95, 94 S.Ct. 334, 339–340, 38 L.Ed.2d 287 (1973), *quoting Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 381, 89 S.Ct. 1794, 1802, 23 L.Ed.2d 371 (1969).

In this case there are clear indications that the Secretary has erred. Under the Secretary's interpretation, fifty dollars is to be paid to the family per payment received, rather than per month's worth of child

---

**1.** One plaintiff, Pamela Moreau, is no longer a recipient of AFDC; her claim stems from a period when she was an AFDC recipient.

support received. If this really were the meaning of the legislation, then a parent could pass more money through to his family simply by paying child support in weekly or biweekly installments. Under the Secretary's interpretation, fifty dollars from each payment would go through to the family. A parent who paid his monthly support with a series of small checks could pass through all of the money, while a parent who paid his monthly support with one check would pass on only fifty dollars. This cannot be the intention of the legislation.

Plaintiffs point to three situations in which the offending payment pattern occurs and fifty dollars of child support is not passed on to them: when the responsible parent is late in forwarding a payment to DHS, when the responsible parent's employer is dilatory in forwarding weekly withholdings to DHS, or when DHS delays in entering the receipt of child support upon its books and credits payments made in one month to a later month.[2] In at least the second and third of these situations, the family is being penalized for circumstances entirely beyond its control. No rational purpose is served by denying child support to a needy family because an employer failed to promptly forward funds withheld from a paycheck or because the state itself has not promptly entered the money onto its books.

The legislative history of this enactment is all but nonexistent. It can be surmised with some confidence, however, that Congress meant to provide an economic incentive for the estranged parent's payment of child support. That incentive is severely diluted when money properly withheld from a paycheck fails to reach a spouse's children because of the delinquency of the middlemen. It does not require much reflection to understand that an estranged spouse who has money withheld from his paycheck but never delivered to his children will be less likely to continue to participate in a withholding program. An interpretation of the legislation that allows a result so clearly contrary to the objective of encouraging the payment of child support cannot accurately represent the true intent of the Congress in enacting the statute.

This Court does not believe that the accounting and administrative concerns raised by the Secretary are insurmountable. The Court does not reach the issues that would be raised by a large lump sum payment, around which many of the Secretary's concerns revolve, but addresses here only with the situation in which a payment due one month arrives the next. Under such circumstances, the Court finds that fifty dollars should be forwarded to the recipient family for each full month's worth of child support included in the payment.

In Count II of their Complaint, the Plaintiffs allege that Defendant Petit has failed to implement mandatory wage withholding and other strong enforcement tools mandated by the 1984 Child Support Enforcement Amendments, and that Defendant Bowen has failed to fulfill his responsibilities under 42 U.S.C. § 652 to review and approve state plans and to evaluate the implementation of state programs. Defendant Bowen argues that compliance issues are only properly resolved between the state and the Secretary and that judicial review would impinge upon the discretion granted to the Secretary by Congress. The Court disagrees. The statutes in question mandate that certain mechanisms be put in place by the state and require that the Department of Health and Human Services evaluate a state's actions to assure conformity with the statute's requirements. It is well within this Court's jurisdiction to determine whether these parties are fulfilling the requirements assigned to them by the statute.

We begin with the strong presumption that Congress intends judicial review of administrative action. From the beginning 'our cases [have established] that judicial review of a final agency action

---

**2.** In this third situation, it is absolutely clear that $50 must be forwarded to the family. The statute refers to money "collected" and collec-tion must be considered to have occurred when DHS receives the payment.

by an aggrieved person will not be cut off unless there is persuasive reason to believe that such was the purpose of Congress.'

*Bowen v. Michigan Academy of Family Physicians,* —— U.S. ——, 106 S.Ct. 2133, 2135–36, 90 L.Ed.2d 623 (1986), *quoting Abbott Laboratories v. Gardner,* 387 U.S. 136, 140, 87 S.Ct. 1507, 1510, 18 L.Ed.2d 681 (1967) (citing cases). We conclude that both the Secretary and the Commissioner are proper parties to the second count of this Complaint.

Similarly, both the Secretary and the Commissioner are proper parties to Count III of the Complaint, which alleges that the Plaintiffs have not been provided with an accounting of child support collected, notice of amounts withheld, and the reasons therefor, and an opportunity to challenge any withholding, in violation of 42 U.S.C. § 654(5) and the due process clauses of the fifth and fourteenth amendments. The Commissioner is responsible for running a program that meets both statutory and constitutional requirements and, as noted above, the Secretary is responsible under 42 U.S.C. § 652 for monitoring this program for conformance with federal statutes. Accordingly, Defendants' Motion for Summary Judgment or for Dismissal is DENIED.

So ORDERED.