**Gloria WILCOX, et al., Plaintiffs,**

v.

**Michael PETIT, et al., Defendants.**

**Civ. No. 85–0342–P.**

United States District Court,
D. Maine.

Feb. 9, 1987.

Thomas H. Kelley, Pine Tree Legal Assistance, Portland, Me., Mary T. Henderson, Pine Tree Legal, Augusta, Me., for plaintiffs.

Robert E. Mittel, Portland, Me., for Pam Moreau.

Raymond E. Ritchie, Leigh I. Saufley, Katherine Greason, Asst. Attys. Gen., Augusta, Me., for defendants.

Richard S. Cohen, U.S. Atty., F. Mark Terison, David R. Collins, Paula D. Silsby, Asst. U.S. Attys., Portland, Me., (Joyce Elise McCourt, Asst. Regional Atty., Boston, Mass., of counsel), for Otis Bowen, Sec. of H & HS.

Carmen L. Coulombe, Asst. Atty. Gen., Augusta, Me., for Michael R. Petit.

## ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM ORDER

GENE CARTER, District Judge.

Defendant Bowen has moved for relief from an order of this Court denying his earlier Motion to Dismiss or in the Alternative for Summary Judgment. *Wilcox v. Petit*, 649 F.Supp. 685 (D.Me.1986). 649 F.Supp. 685. After careful consideration, the Court concludes that the Defendant's motion must be denied.

Contrary to the assertion in the Secretary's motion for relief, the Court has never suggested that multiple pass-through payments are actually made when monthly child support is paid in small installments. It simply presented this scenario as a hypothetical consequence of the position it understood the Secretary to be taking: that one pass-through is to be made per payment received by the government, regardless of whether the sum represents child support for one month, two months, or half a month. In his motion the Secretary appears to agree that this is his interpretation, except that he also reads the statute as placing a $50 per month cap on the amount that can be passed through. This view is simply not supported by the statutory language.

The language of the statute in question is cumbersome, but it is not ambiguous. It reads:

the first $50 of such amounts as are collected periodically which represent monthly support payments shall be paid to the family....

42 U.S.C. § 657(b)(1).

An amount which represents a monthly support payment is simply the amount of the monthly support obligation (much as "an amount that represents a year's salary" means the amount that one earns in a year, or "an amount that represents a monthly mortgage payment" means the amount of the monthly mortgage obligation). The statute instructs that the first fifty dollars of such an amount, once collected by the government, be forwarded to the recipient family. Its use of the term "collected periodically" is clearly intended to provide flexibility that would not be present if the term "collected monthly" were used. Under the interpretation offered by the Secretary in his current motion for reconsideration, "monthly support payments" would have to mean the amount received in a month rather than the amount owed, and the word "periodically" would have to be dropped from the statute and

replaced with the word "monthly." This is an unreasonable interpretation of the statute.

The remainder of the information provided by the Defendant in his Motion for Relief From Order may be relevant to a factual determination of the merits of the Plaintiff's complaint; it does not, however, necessitate an amendment of the Court's order of December 9, 1986. Accordingly, Defendant's Motion for Relief From Order is *DENIED*.

So *ORDERED*.