JENNIFER HUMBLE, Plaintiff-Appellee, v. THE DEPARTMENT OF PUBLIC AID et al., Defendants-Appellants.

Second District   No. 2—87—0424

Opinion filed February 2, 1988.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart and Shawn W. Denney, Solicitors General, and Karen Konieczny and James C. Stevens, Special Assistant Attorneys General, of Chicago, of counsel), for appellants.

Elliot W. Abarbanel and Jerry Brask, both of Prairie State Legal Services, Inc., of Wheaton, and Bernard H. Shapiro, of Prairie State Legal Services, Inc., of Rockford, for appellee.

JUSTICE DUNN delivered the opinion of the court:

Defendants, Illinois Department of Public Aid (Department) and its director, Edward T. Duffy, appeal from an order of the circuit court of Du Page County reversing a final administrative decision of the Department. The circuit court ruled that a departmental regulation codified at 89 Ill. Adm. Code 160.10(f) (1986) is invalid because it conflicts with a Federal regulation and ruled that, as a result, plaintiff, Jennifer Humble, is entitled to receive three pass-through payments of $50 apiece which had been denied by the Department. On appeal, the Department contends that there is no conflict between its regulation and Federal law.

Plaintiff receives monthly payments under the Aid to Families with Dependant Children (AFDC) program. Section 10—1 of the Illinois Public Aid Code (Ill. Rev. Stat. 1985, ch. 23, par. 10—1) provides that any recipient of AFDC benefits is deemed to have assigned any support obligation for children in his or her custody to the Department. Some of the child support money collected by the State must be returned to the AFDC family pursuant to section 657(b)(1) of the Social Security Act (42 U.S.C.A. §657(b)(1) (West 1983 & Supp. 1987)), which provides as follows:

"The amounts collected as support by a State pursuant to a plan approved under this part during any fiscal year beginning after September 30, 1976, shall *** be distributed as follows:

(1) The first $50 of such amounts as are collected periodically which represent monthly support payments shall be paid to the family without affecting its eligibility for assistance or decreasing any amount otherwise payable as assistance to such family during such month ***." (42 U.S.C.A. §657(b)(1) (West 1983 & Supp. 1987).)

The $50 payments made pursuant to this statutory provision are termed pass-through payments. In Illinois, these payments are disbursed by the Department to an AFDC family in the second month following receipt of the child support payment. See 89 Ill. Adm. Code 160.10(f) (1986).

On December 7, 1983, the circuit court of Cook County determined that David Davidson is the father of plaintiff's daughter, Kelly, who was born on July 4, 1981. The court ordered Davidson to pay $100 per month in child support. Under section 709(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 709(b)), these payments must be made to the clerk of the circuit court of Cook County. The circuit court then forwards the payments to the Department's Bureau of Child Support in Springfield.

Plaintiff did not receive pass-through payments for the months of September 1985, November 1985, or January 1986. Under the Department's regulations, these payments should have been received in November 1985, January 1986, and March 1986, respectively. (See 89 Ill. Adm. Code 160.10(f) (1986).) David Davidson made child support payments for each of the months in question. The clerk of the circuit court of Cook County received these payments on September 26, 1985, November 29, 1985, and January 28, 1986. These payments were then forwarded to the Department's Bureau of Child Support in Springfield, which posted them on October 2, 1985, December 12, 1985, and February 5, 1986, respectively. The Department also received the October 1985, December 1985, and February 1986 support payments and posted them in the months in which they were due.

The Department asserts that, under certain Federal and State regulations, it is only required to make pass-through payments if it receives the child support payment in the month in which it is due. A Department of Health and Human Services (HHS) regulation states in relevant part as follows:

> "Of any amount that is collected in a month which represents payment on the required support obligation for that month, the first $50 of such amount shall be paid to the family. *** If the amount collected includes payment on the required support obligation for a previous month or months, the family shall only receive the first $50 of the amount which represents the required support obligation for the month in which the support was collected." (45 C.F.R. §302.51(b)(1) (1986).)

Another portion of this regulation provides that amounts of child support which are collected will be treated first as payment on the current month's obligation. Any excess amounts will then be treated as payments on arrearages from prior months. (45 C.F.R. §302.51(a) (1986).) Under these regulations, if the noncustodial parent misses a monthly payment and then makes two payments in the next month, the AFDC family will only receive one pass-through payment.

Furthermore, the Department has a regulation which states as follows:

> "For active AFDC cases, payments up to $50 of the current child support collected by the Department in a month, will be distributed to the assistance unit. Payment will be made in the second month following the month the child support payment is received by the Department. This payment will be disregarded when determining eligibility for assistance and the

amount of the AFDC assistance grant." (89 Ill. Adm. Code 160.10(f) (1986).)

Pursuant to this regulation, it is the policy of the Department that the date of collection is the date on which the Department receives the support payment from the circuit court, not the date on which the circuit court receives the payment. In the instant case, even though the circuit court received the three child support payments in question in the months in which they were due, the Department did not receive and post them until the following month. The Department therefore did not consider those payments as having been collected in the months in which they were due and determined that plaintiff was not entitled to pass-through payments as a result.

The circuit court, relying on the holding of the Appellate Court for the Third District in *Golden v. Department of Public Aid* (1986), 150 Ill. App. 3d 617, 501 N.E. 2d 790, ruled that plaintiff is entitled to receive the pass-through payments in question. In *Golden,* the court held that the aforementioned policy of the Department is invalid because it is inconsistent with a Federal regulation. The relevant language from that HHS regulation is as follows:

"The date of collection shall be the date on which the payment is received by the IV-D agency or the legal entity of the State or political subdivision actually making the collection on behalf of the IV-D agency. For purposes of interstate collections, the date of collection shall be the date on which the payment is received by the IV-D agency of the State in which the family is receiving aid." (45 C.F.R. §302.51(a) (1986).)

The IV-D agency in Illinois is the Department's Bureau of Child Support. The court ruled in *Golden* that, pursuant to the plain language of this regulation, the date of collection is the date on which the money is received by the circuit court. (*Golden,* 150 Ill. App. 3d at 621-22, 501 N.E.2d at 794.) The court concluded that the above regulation permits States to choose among three methods of collecting child support payments, but does not provide three elective dates for calculating eligibility for pass-through payments. (150 Ill. App. 3d at 622, 501 N.E.2d at 794.) Defendants appeal from the trial court's ruling.

■ We agree with plaintiff's assertion that the departmental regulation and policy at issue here are inconsistent with Federal law. In *Beasley v. Harris* (D. Conn. 1987), 671 F. Supp. 911, the court concluded that, under the plain language of section 657(b)(1) of the Social Security Act (42 U.S.C.A. §657(b)(1) (West 1983 & Supp. 1987)), AFDC recipients are entitled to receive pass-through payments each

time a child support payment is made regardless of when that payment is received. (*Beasley* 671 F. Supp. at 918-19.) Section 657(b)(1) provides that "the first $50 of such amounts as are collected periodically which represent monthly support payments shall be paid to the family." (42 U.S.C.A. §657(b)(1) (West 1983 & Supp. 1987).) As the court pointed out in *Beasley*, this language does not provide any exception for situations in which more than one payment is received in a month. 671 F. Supp. at 918-19.

In *Wilcox v. Petit* (D. Me. 1986), 649 F. Supp. 685, *reaff'd on reconsideration* (1987), 653 F. Supp. 709, the court held that when a child support payment which is due in a certain month arrives the following month, the AFDC family is entitled to receive a pass-through payment. (*Wilcox*, 649 F. Supp. at 687.) The court stated in *Wilcox* that the language of section 657(b)(1) is unambiguous and went on to state as follows:

> "An amount which represents a monthly support payment is simply the amount of the monthly support obligation (much as 'an amount that represents a year's salary' means the amount that one earns in a year or 'an amount that represents a monthly mortgage payment' means the amount of the monthly mortgage obligation). The statute instructs that the first fifty dollars of such an amount, once collected by the government, be forwarded to the recipient family. Its use of the term 'collected periodically' is clearly intended to provide flexibility that would not be present if the term 'collected monthly' were used." *Wilcox*, 653 F. Supp. at 710.

We agree with the conclusion of the courts in *Beasley* and *Wilcox* that section 657(b)(1) of the Social Security Act (42 U.S.C.A. §657(b)(1) (West 1983 & Supp. 1987)) unambiguously requires that a pass-through payment must be made when a child support payment is received by the State in the month after it is due, and we agree with the reasoning of the court in those cases. Section 657(b)(1) requires that pass-through payments be made on all monthly child support amounts which are collected. The statutory language provides no exception based upon the time the child support payment is received. Moreover, the employment of the phrase "collected periodically" in the statute rather than "collected monthly" is a clear indication that Congress did not intend to establish any such exception. Insofar as the regulation codified at 89 Ill. Adm. Code 160.10(f) (1986) provides that pass-through payments will not be paid when the child support payment is not received by the Department in the same month in which it is due, the regulation is invalid because it conflicts

with section 657(b)(1) of the Social Security Act. See *Parks v. Department of Mental Health & Developmental Disabilities* (1982), 110 Ill. App. 3d 184, 187, 441 N.E.2d 1209, 1211.

Even if we were to conclude that AFDC recipients are not entitled to receive pass-through payments from child support payments collected after the last day of the month in which they are due, defendants would not prevail. Under HHS regulations, the date of collection for a child support payment is "the date on which the payment is received by the IV-D agency or the legal entity of the State or political subdivision actually making the collection on behalf of the IV-D agency." (45 C.F.R. §302.51(a) (1986).) The Department asserts this regulation permits States in which child support payments are collected by a legal entity other than the IV-D agency to designate the date the money is received by the IV-D agency (in this case, the Department's Bureau of Child Support) as the date of collection, which is what the Department has done. The Department therefore contends that, even though the child support payments in question were received by the circuit court in the months in which they were due, pass-through payments were properly denied to plaintiff because the child support payments were not received by the Department in the same month in which they were due.

█ We believe the Department's contention and its interpretation of the HHS regulation to be utterly absurd. The Department contends that its policy is designed to promote timely child support payments. Under its policy, however, pass-through payments will be denied even if the child support payment to the circuit court is timely, if the payment is not transmitted from the circuit court to the Department in timely fashion due to bureaucratic delay. There is no rational purpose which is served by denying child support to a needy family because of circumstances which are beyond its control. (*Wilcox v. Petit* (D. Me. 1986), 649 F. Supp. 685, 687, *reaff'd on reconsideration* (1987), 653 F. Supp. 709.) We agree with the conclusion of the court in *Golden v. Department of Public Aid* (1986), 150 Ill. App. 3d 617, 501 N.E.2d 790, that, under the aforementioned HHS regulation, the date the child support payment is received by the circuit court must be considered the date of collection and that the regulation is intended to provide States with alternative methods of collecting child support, not alternative methods of calculating the date of collection for child support payments. *Golden*, 150 Ill. App. 3d at 621-22, 501 N.E.2d at 794.

The Department's argument that *Golden* was implicitly overruled by the decision of the United States Supreme Court in *Bowen v. Gil-*

*liard* (1987), 483 U.S. ___, 97 L. Ed. 2d 485, 107 S. Ct. 3008, is completely without merit. In *Gilliard*, the court held that the statutory scheme in which the income of all nuclear family members residing in the same home must be taken into account in determining eligibility for AFDC benefits does not violate the fifth amendment due process clause when it is applied to require a family wanting to receive benefits to include within its unit a child for whom support payments are being made by a noncustodial parent. (*Gilliard*, 483 U.S. at ___, 97 L. Ed. 2d at 502, 107 S. Ct. at 3018.) The court also ruled that the required assignment of child support payments to the State as a condition of AFDC eligibility does not constitute a taking of the child's property without just compensation which would violate the fifth amendment. (483 U.S. at ___, 97 L. Ed. 2d at 504-05, 107 S. Ct. at 3019-21.) In the instant case, plaintiff raises no such challenge to the Federal AFDC statutory scheme. Instead, plaintiff asserts that the regulation and policy of the Department at issue here are inconsistent with that scheme. For the reasons we have stated, we agree with this assertion and affirm the judgment of the circuit court of Du Page County.

Affirmed.

NASH and REINHARD, JJ., concur.