GARY KEIL, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (United Parcel Service, Appellee).

Third District (Industrial Commission Division)   No. 3—01—0166WC

Opinion filed June 12, 2002.

Andrew P. Domin, of Krol, Bongiorno, Given & Murray, Ltd., of Chicago, for appellant.

Arthur R. Kingery, of Kingery, Durree, Wakeman & Ryan, Associates, of Peoria, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Claimant, Gary Keil, sought benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1996)) for injuries sustained while in the employ of United Parcel Service (UPS). Keil was employed as a feeder driver. His duties included assembling and disassembling tandem trailers. On November 26, 1997, Keil was pulling the fifth wheel release when the arm broke, causing Keil to fall down on his right knee. He was examined by Dr. Cassell, who diagnosed an aggravation of an underlying severe degenerative osteoarthritis of the patellofemoral joint of the right knee. Keil subsequently underwent a total knee replacement. The arbitrator awarded Keil 65 weeks of temporary total disability (TTD) benefits, finding that he was temporarily totally disabled from November 26, 1997, through July 12, 1998. The arbitrator further found Keil had sustained a 50% loss of use of the right leg and awarded permanent partial disability benefits pursuant to section 8(e) of the Act. At arbitration, Keil had testified that he had filed a prior workers' compensation claim for a right knee injury in Iowa in 1995. This injury also occurred while in the employ of UPS, the same employer in the present case. Pursuant to a settlement agreement, he was awarded a 17 1/2% loss of use the right leg in that case and received $21,000. The arbitrator declined to give UPS a credit for the out-of-state award, finding that credit for prior losses under section 8(e) is limited to those permanent partial losses as defined under the Illinois Act. The arbitrator reasoned that giving credit for permanent partial losses as defined under the workers' compensation statutes of other states would require the Commission to interpret and apply the laws of other states in determining an appropriate section 8(e) credit. The Industrial Commission (Commission) reversed the decision of the arbitrator and applied a credit to the award, finding that the plain language of section 8(e)(17) does not preclude credit for an out-of-state award. The decision of the Commission was confirmed by the circuit court of Peoria County.

On appeal, Keil argues that the Commission's decision granting UPS a credit for the Iowa award is contrary to the law and against the manifest weight of the evidence. He maintains that in drafting section 8, our legislature specifically defined what constitutes "compensation" and how "permanent partial loss" is defined, and that paragraph (e) contains a specific schedule to determine the "permanent partial loss of use" of a specific body part. He contends that we cannot assume that the 17½% "partial loss" in the Iowa award was determined, rated and ascertained under the same definitions of "partial loss" under the Act.

■ Section 8(e)(17) provides:

"In computing the compensation to be paid to any employee who, before the accident for which he claims compensation, had before that time sustained an injury resulting in the loss by amputation or partial loss by amputation of any member, including hand, arm, thumb or fingers, leg, foot or any toes, such loss or partial loss of any such member shall be deducted from any award made for the subsequent injury. For the permanent loss of use or the permanent partial loss of use of any such member or the partial loss of sight of an eye, for which compensation has been paid, then such loss shall be taken into consideration and deducted from any award for the subsequent injury." 820 ILCS 305/8(e)(17) (West 1996).

In *General Motors Corp. v. Industrial Comm'n*, 62 Ill. 2d 106, 338 N.E.2d 561 (1975), our supreme court construed the language of section 8(e)(17) with respect to the granting of credit. Specifically, our supreme court addressed the issue of whether an employer should receive credit for a settlement of a prior injury. The claimant argued that a settlement was not an "award" under section 8(e) and therefore credit should not be given. The employer argued that it was entitled to a credit for a loss of use for which compensation had been paid, not upon the entry of an "award" by the Commission. In agreeing with the employer, our supreme court stated:

"The cardinal rule of all statutory construction, to which other rules are subordinate, is that the true intent and meaning of the legislature must be ascertained and given effect. [Citation.] The language used in a statute is the primary source for determining this intent, and where that language is certain and unambiguous, the proper function of the courts is to enforce the statute as enacted. [Citation.] Absent statutory definitions indicating a different legislative intention, courts will assume that words have their ordinary and popularly understood meaning. [Citation.] The clear and obvious meaning of the pertinent provisions of section 8(e) is that the permanent loss or permanent partial loss of use 'for which

compensation has been paid' shall be credited in any award for a subsequent injury to the same member. The statute is devoid of any condition or limitation that an award must have been entered for the prior injury. *The statute's only requirement is that compensation has been paid for the prior injury.* [Citation.]" (Emphasis added.) *General Motors*, 62 Ill. 2d at 112-13, 338 N.E.2d at 564.

Although *General Motors* did not involve credit for an out-of-state award, we nevertheless find it dispositive. The clear and unambiguous language of section 8(e)(17) is devoid of any condition or limitation that compensation paid for the prior injury was paid pursuant to a claim under the Illinois Act. As our supreme court noted in *General Motors*, the statute's *only* requirement is that compensation has been paid for the prior injury.

Keil argues that the terms "compensation" and "permanent partial loss" as used in section 8(e)(17) must be afforded the meaning ascribed to them in other portions of the Act and that the prior permanent partial loss for which credit can be sought under paragraph (17) must be defined and ascribed under the rules, definitions and criteria contained in the Act. Doing otherwise, Keil maintains, would require the Commission to interpret and apply definitions and laws of other states. We do not agree.

We believe that the language employed in the statute—"such loss shall be taken into consideration and deducted from any award for the subsequent injury"—was used by our legislature in contemplation that different states might ascertain and compensate injuries differently. The statute does not restrict the Commission as to how it should determine the proper amount of credit. Instead, it requires only that the Commission take the prior loss into consideration and deduct it from any subsequent award. This gives the Commission the necessary flexibility to address each situation on a case-by-case basis in order to achieve the remedial purpose of the statute while achieving a result that is just and equitable.

In summary, the Commission may grant credit for out-of-state awards pursuant to section 8(e)(17), and the manner in which the amount of credit is determined is a factual matter for the Commission.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

McCULLOUGH, P.J., and HOFFMAN, O'MALLEY, and HOLDRIDGE, JJ., concur.