Phyllis **MOSLEY**, Plaintiff,

v.

Otis **BOWEN**, M.D., Secretary of the United States Department of Health and Human Services, et al., Defendants.

Civ. No. C–1–87–0968.

United States District Court,
S.D. Ohio.

Jan. 6, 1989.

As Amended Feb. 6, 1989.

**1290**

Jennifer Bishop and Stephen Olden, Legal Aid Soc., Cincinnati, Ohio, for plaintiff.

Alan Schwepe, Asst. Atty. Gen., Columbus, Ohio, Thomas Deye, Cincinnati, Ohio, for defendants.

Donna Morros Weinstein, Chief Counsel, Region V, Ted K. Yasuda, Asst. Regional Counsel, Dept. of Health and Human Services, Chicago, Ill., for defendant Bowen.

### ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court on cross-motions for summary judgment. The parties have submitted supporting and opposing memoranda, affidavits, documents and a stipulation of facts (doc. nos. 25, 37, 42, 47, 48, 50, 51, 52, 53, 57 and 60). An oral hearing has been held on the pending motions. For the reasons set forth below, summary judgment is hereby granted in favor of plaintiff.

### Facts

The material facts are not in dispute. Plaintiff Patricia Mosely is the mother of five minor children on whose behalf she receives payments through the Aid to Families with Dependent Children (AFDC) program. Defendant Patricia Barry is the Director of the Ohio Department of Human Services and is responsible for administration of the AFDC program in Ohio. Defendant Donald Thomas is the Director of the Hamilton County, Ohio Department of Human Services. Defendants Robert A. Taft, II., Norman A. Murdock, and Joseph DeCourcy were Hamilton County Commissioners at the time this lawsuit was instituted. Defendant Otis T. Bowen is the Secretary of the United States Department of Health and Human Services.

Pursuant to a state court order, plaintiff's ex-husband, Sonny Hibbard, is required to pay to her biweekly child support in the amount of $60. These payments are deducted from Mr. Hibbard's wages by his employer on a biweekly basis. Plaintiff has assigned her right to receive such child support payments to the state as a condition of receiving AFDC payments.

Although an AFDC recipient is entitled to receive the first $50 of child support payments as are collected periodically which represent monthly support payments, plaintiff has been denied such payments for the following five months: October, 1986; March and August, 1987; and January and February, 1988. Child support payments for these months were not remitted to the collecting entity, the Title IV–D Agency for Hamilton County, in the months for which the payments were owed.

### Summary Judgment

The summary judgment procedure under Federal Rule of Civil Procedure 56 is designed to secure a just, speedy, and inexpensive determination of any action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). Rule 56(c) permits the Court to grant summary judgment as a matter of law if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" demonstrate the absence of any genuine issue of material fact. *Id* at 323, 106 S.Ct. at 2553.

### Governing Law

At the time plaintiff instituted this lawsuit, 42 U.S.C. § 602(a)(26)(A) provided that the State may require as a condition of eligibility to receive AFDC payments that the recipient assign to the State any rights to support from any other person the recipient may have on behalf of any family member for whom the recipient receives aid. Title 42 U.S.C. § 602(a)(8)(A)(vi) provided that in determining the needs of a

recipient in a given month, the state shall disregard the first $50 of any child support payments received in such month. Title 42 U.S.C. § 657(b)(1) outlined the following distribution scheme:

the first $50 of such amounts as are collected periodically which represent monthly support payments shall be paid to the family without affecting its eligibility for assistance or decreasing any amount otherwise payable as assistance to such family during such month.

Monthly support payments in excess of $50 which are collected periodically shall be retained by the state to reimburse it for assistance payments to the family during such period. § 657(b)(2).

The Secretary of the Department of Health and Human Services (hereinafter Secretary) has promulgated regulations which define the date of collection under § 657(b)(1) as the date the payment is received by the Title IV–D Agency or state entity making the collection on behalf of the IV–D agency. 45 C.F.R. § 302.51. If the amount collected includes the required support payment for a prior month, the family is entitled to receive only one $50 pass-through payment that represents the support obligation for the month in which the support was collected. *Id.*

The United States Congress recently passed legislation that amends §§ 657(b)(1) and 602(a)(8)(A)(vi). Section 657(b)(1), as amended, provides that:

of such amounts as are collected periodically which represent monthly support payments, the first $50 of any payments for a month received in that month, and the first $50 of payments for each prior month received in that month which were made by the absent parent in the month when due, shall be paid to the family.

Section 602(a)(8)(A)(vi) has been amended to provide that:

the state shall disregard the first $50 of any child support payments for such month received in that month, and the first $50 of child support payments for each prior month received in that month if such payments were made by the absent parent in the month when due.

The report accompanying the United States Senate Bill which adopted these amendments, S. 1511, states that the first $50 received in a month that was due for a prior month must be disregarded in calculating entitlement if such payment was made by the absent parent in the month when due, regardless of whether there is a delay in processing of the payment by the state agency. S.Rep. No. 100–377, 100th Cong., 2d Sess, U.S.Code Cong. & Admin. News 1988, p. 2776. The report accompanying the House Bill, H.R. 1720, states that whenever a parent makes a timely payment, it will be disregarded irrespective of the time it takes the state agency to process the payment. H.R.Rep. No. 100–159, 100th Cong., 1st Sess.

Following the proposal of the above amendments, the Secretary revised § 302.51(a) to provide that the date of collection is the date the support payment is received by the authorized IV–D agency or legal entity of the State or other political subdivision actually making the collection, whichever is earlier. 53 F.R. 21642 (June 9, 1988).

### Claims of the Parties

Plaintiff claims that defendants have (1) violated the Social Security Act, specifically 42 U.S.C. §§ 602(a)(8)(A)(vi) and 657(b)(1), by promulgating regulations which are inconsistent with those provisions in that the regulations allow AFDC recipients to receive a pass-through payment only for current child support payments; and (2) have violated the equal protection clause by arbitrarily distinguishing between those for whom support payments are not timely made and those for whom such payments are timely made. Plaintiff requests as relief that the Court declare the regulations inconsistent with the Social Security Act and violative of the Equal Protection Clause; (2) determine that plaintiff is entitled to receive $50 for each month for which she receives support; and (3) award plaintiff damages of $50 for specified months for which her ex-husband fulfilled his support obligation but she was denied a pass-through payment.

Defendants contend that § 657(b)(1) clearly provides that in order for an AFDC recipient to receive a pass-through payment, two conditions must be met. First, child support must be received by the state on a timely basis, and second, the recipient may receive only one pass-through payment per month. Defendants claim that because the state did not receive child support payments by Mr. Hibbard in the months for which they were owed, and because plaintiff is entitled to only one pass-through payment per month, she is not entitled to payments for the months in question. Defendants also claim that this Court lacks jurisdiction over the complaint and that plaintiff's suit is barred under the Eleventh Amendment.

### Subject Matter Jurisdiction

■ Defendants contend that this Court does not have subject matter jurisdiction over plaintiff's claims of violations of the Social Security Act. When a constitutional claim presented in a complaint is of sufficient substance to support the exercise of federal jurisdiction, the Court has the power to consider other claims that may not confer jurisdiction if the constitutional claim is not obviously without merit or is not rendered frivolous by previous decisions. *Ball v. Harris,* 498 F.Supp. 110, 113 (S.D.Ohio 1980) (Hogan, Sr. J.). Plaintiff has raised an equal protection claim that is neither obviously without merit nor rendered frivolous by previous decisions. Such claim is sufficient to confer jurisdiction over plaintiff's remaining claims.

■ Furthermore, one of the asserted jurisdictional bases of plaintiff's claims is 42 U.S.C. § 1983. Section 1983 encompasses claimed violations of the Social Security Act. *Maine v. Thiboutout,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980); *Ball v. Harris,* 498 F.Supp. at 112. Therefore, this Court has jurisdiction over plaintiff's claims.

### Eleventh Amendment

■ The Eleventh Amendment bars an action for damages that seeks a retroactive award requiring the payment of funds from the state treasury. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The Eleventh Amendment does not bar the federal court from enjoining state officials to conform their future conduct to requirements of federal law, even though such an injunction may have an ancillary effect on the state treasury. *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). An injunction of this nature does not implicate the Eleventh Amendment to the extent it seeks payment of state funds as a necessary consequence of future compliance with a substantive federal question determination. *Milliken v. Bradley,* 433 U.S. 267, 289, 97 S.Ct. 2749, 2761, 53 L.Ed.2d 745 (1977).

■ The Eleventh Amendment bar extends to suits against state officials when the state is a real, substantial party in interest. *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). This is so because a judgment against a public servant in his official capacity imposes liability on the entity he represents. *Brandon v. Holt,* 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985).

■ Several federal courts have addressed the issue of whether the Eleventh Amendment bars an action for recovery of AFDC benefits and have found no such bar. See *Mackey v. Stanton,* 586 F.2d 1126, 1131 (7th Cir.1978) *cert. denied,* 444 U.S. 882, 100 S.Ct. 172, 62 L.Ed.2d 112 (1979); *Bennett v. White,* 671 F.Supp. 343, 349 (E.D.Pa.1987); *Beasley v. Harris,* 671 F.Supp. 911 (D.Conn.1987). The Eleventh Amendment issue in Beasley is identical to that before the Court; i.e., whether an award to redress wrongfully withheld pass-through payments should be considered as a payment of funds from the state treasury. The Court found that it should not since, but for the illegal retention of the pass-through payments by the state, such payments would have been properly forwarded to the AFDC recipient under § 657(b)(1). *Id.* at 921–22.

Although this Court is not bound by *Beasley,* the reasoning underlying the deci-

sion in that case is persuasive. A decision favorable to plaintiff in this matter would entitle her to recover child support payments made by her ex-husband that would have been forwarded to her had the state not unlawfully retained same. These payments cannot be characterized as state funds simply because the state refused to forward them to plaintiff. Nor does the fact that forwarding pass-through payments to plaintiff at this point may cause the state to incur incidental expenses transform this action into one for recovery of funds from the state treasury. See *Quern*, 440 U.S. 332, 99 S.Ct. 1139; *Bradley*, 433 U.S. 267, 97 S.Ct. 2749. Therefore, the Eleventh Amendment does not bar plaintiff from recovering pass-through payments wrongfully withheld from her.

### *Claimed Violations of the Social Security Act*

■ Defendants contend that the natural reading of § 657(b)(1), the administrative construction of the statute as codified in the Code of Federal Regulations, and the Deficit Reduction Act (DEFRA) and legislative amendments demonstrate that the statute authorizes only one pass-through payment per month and only for child support payments timely received by the collecting agency. Plaintiff claims that the statutory provisions governing pass-through payments are clear on their face, so that the Court need not look beyond the statutes to determine plaintiff's entitlement to such payments. Plaintiff contends that the statutes clearly provide that an AFDC recipient will receive a $50 pass-through payment for each monthly support payment collected on a periodic basis, regardless of whether the support is collected in the month for which it is owed.

Section 657(b)(1) is not ambiguous with regard to the two interrelated issues before the Court: (1) whether the timing of a child support payment should be a factor in determining an AFDC recipient's entitlement to a pass-through payment, and (2) whether an AFDC recipient may receive more than one pass-through payment per month. The statute simply provides that amounts to be disregarded in calculating entitlement to

AFDC benefits are the first $50 of (1) amounts (2) collected periodically (3) which represent monthly support payments. See *Wilcox v. Ives*, 676 F.Supp. 355, 360 (D.Me. 1987) (citing *Beasley*, 671 F.Supp. at 919). The statute makes no express or implied exception for the situation where more than one support payment is received in a given month. It clearly does not, by its terms, preclude more than one pass-through payment per month. Nor does the statute provide any indication that Congress intended the state to refuse to pass through $50 of a delayed support payment. *Wilcox*, 676 F.Supp. at 359.

Had Congress intended to limit the number of pass-through payments to one per month or to preclude pass-through payments for delayed monthly support payments, it could have specified that a pass-through payment will be made only when support is collected on a monthly basis, rather than periodically. *Id.* at 360 n. 6. Its failure to do so in either the original statute or the amended version indicates that Congress meant precisely what is stated in the statute; i.e., pass-through payments shall be based on amounts *collected periodically which represent monthly support payments.*

Defendants assert that plaintiff's contention that the meaning of §§ 657(b)(1) and 602(a)(8)(A)(vi) is clear must be rejected, since Congress has passed amendments to the statutes in order to clarify ambiguities therein. The amendments passed by Congress do not undermine the conclusion that with respect to the issues before the Court, the original statutes are unambiguous. As indicated above, § 657(b)(1) still provides for pass-through payments when support payments are collected periodically, rather than monthly. Furthermore, the statutes as amended impose no express or implied requirement that the State is limited to making one pass-through payment to an AFDC recipient per month. Finally, although the amended statutes require that support payments be timely made by the obligor, they impose no requirement that support payments must be timely collected by the receiving entity.

For the foregoing reasons, the Court finds that § 602(a)(8)(A)(vi) and § 657(b)(1) are clear to the extent that (1) they do not limit an AFDC recipient to one pass-through payment per month, and (2) they do not prohibit a state from making a pass-through payment for a child support payment that is not timely collected by the receiving entity. The statutes impose no restrictions in these regards, and there is no basis for reading such restrictions into the statutes.

### Validity of Regulations

█ Plaintiff alleges that regulations promulgated by the Secretary and by defendant Barry which limit an AFDC recipient to only one pass-through payment per month and only when a support payment is received in the month when due (45 C.F.R. § 302.51 (1975) and Ohio Administrative Code § 5101: 1–23–221) violate the Social Security Act. For the reasons stated below, the Court agrees.

█ If a statute is clear on its face, the question for the reviewing court is whether regulations derived from or based on the statute are inconsistent therewith. If a statute is silent or ambiguous with respect to a specific issue, the question for the reviewing court is whether regulations promulgated by the appropriate government agency are based on a permissible construction of the statute. *Young v. Community Nutrition Institute, et al.,* 476 U.S. 974, 106 S.Ct. 2360, 90 L.Ed.2d 959 (1986). The Court is obligated to independently evaluate an agency's interpretation of a statute. *State of Ohio v. Dept. of Health and Human Services,* 761 F.2d 1187 (6th Cir.1985). Nonetheless, the Court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of the agency. *Id.* If the administrator's interpretation is reasonable, the Court must uphold it even if the Court would have reached a different interpretation had that issue first been presented to it. *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965). However, the Court must reject administrative construc-

tions which are inconsistent with a statutory mandate or which frustrate congressional policy. *F.E.C. v. Democratic Senatorial Campaign Committee,* 454 U.S. 27, 29–33, 102 S.Ct. 38, 41–43, 70 L.Ed.2d 23 (1981).

█ Defendants contend that the primary purpose of § 657(b)(1) is to provide an incentive for AFDC recipients to cooperate with support obligors to obtain timely support payments. In support of their contention, defendants cite § 602(a)(26)(B), which indicates that the purpose of the pass-through provision is to give families entitled to receive child support an incentive to cooperate with the state in identifying and locating the obligor. Defendants claim that if an obligor is consistently delinquent in making payments, to continue to allow pass-through payments defeats any incentive for making timely payments. Defendants contend that the regulations promulgated by the Secretary and defendant Barry requiring timely support payments as a condition of receiving a pass-through payment are therefore consistent with the purposes of the statute.

Plaintiff claims that the primary purpose of the pass-through provision is to allow AFDC recipients to obtain an added measure of support. She alleges that the Secretary's interpretation of § 657(b)(1) defeats this purpose.

The legislative history and other supporting documents submitted by the parties indicate that the purposes of the pass-through provision are: (1) to provide a supplemental source of income to AFDC recipients and thereby further the several purposes of § 601, et seq., (2) to encourage AFDC recipients to cooperate with support obligors in order to insure that they make timely and regular support payments, and (3) to reimburse the state for its costs in distributing AFDC benefits and thereby reduce government spending.

For the reasons stated earlier in this opinion, the Court finds that the regulations promulgated by the Secretary and defendant Barry are inconsistent with the express language of the § 657(b)(1). Assuming, *arguendo,* that the statute is am-

biguous, the regulations must be rejected as inconsistent with the purposes of the pass-through provision. First, withholding pass-through payments when support payments are not timely received by the collecting agency and limiting the possible number of pass-through payments to one per month contravenes the purpose of allowing a family to receive supplemental income as an added measure of support. Second, denial of a pass-through payment when support payments are timely made by an obligor, but untimely received by the collecting agency, does not further the goal of obtaining the cooperation of the AFDC recipient and the obligor in ensuring that support payments are timely made. In such a case, both parties may be cooperating in making and securing support payments, but the recipient may be denied a pass-through payment due to the delay of a third party, such as an employer. See *Vanscoter v. Bowen,* —— F.Supp. —— No. C86–1568 WD, Slip Op. (W.D.Wash. July 15, 1988). Finally, denying a pass-through payment for untimely received support payments does not further the goal of reimbursing the state for the costs of the AFDC program and thereby reducing government spending. These goals are served when the government receives child support payments that are collected periodically, whether those payments are timely collected on a monthly basis or whether they are collected on some other periodic basis.

Defendants contend that their regulations should be upheld because Congress' reenactment and clarification of §§ 657(b)(1) and 602(a)(8)(A)(vi) without invalidating the Secretary's regulations demonstrates Congress' approval of defendants' interpretation of the statutes. When Congress reenacts a statute without change, Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation. *Lorillard v. Pons,* 434 U.S. 575, 580, 98 S.Ct. 866, 870, 55 L.Ed.2d 40 (1978). However, in light of the fact that the regulations and judicial interpretations of which Congress is presumed to have been aware at the time it reenacted the statutes in issue are conflicting, a presumption that Congress intended to adopt either the administrative or judicial interpretations is not warranted. Accordingly, Congress' reenactment of the statutes does not alter the Court's conclusion that the challenged regulations are inconsistent with the purposes of the pertinent provisions of the Social Security Act. Therefore, the regulations must be rejected.

In light of the foregoing, the Court need not address plaintiff's Equal Protection claim.

## Order

(1) Plaintiff's motion for summary judgment is GRANTED.

(2) The Court declares O.A.C. § 5101:1–23–221 and 45 C.F.R. § 302.51 invalid as violative of Title IV of the Social Security Act, 42 U.S.C. § 602 *et seq.,* insofar as they preclude a passthrough payment for an amount that represents a monthly child support obligation when such amount is withheld from the support obligor's wages by his employer in the month when due but is not received by the collecting agency in the same month.

(3) Defendants are enjoined from denying plaintiff a passthrough payment for an amount that represents a monthly child support payment when the amount is withheld from the support obligor's wages by his employer in the month when due but is not received by the collecting agency in the same month.

(4) Defendants are hereby ORDERED to pass through to plaintiff $50 for each of the five months in question.

IT IS SO ORDERED.