Ramona **BERG**, Patti **Pellowski**, Judy **Gates**, Sandra **Kerwin**, Nancy **Jacobs**, Robin **Kotchen**, Cynthia **Seidel**, Christine **McKinzie**, Karen **Frederick** and Kim **Bergquist**, individually and on behalf of others similarly situated, Plaintiffs,

v.

Sandra **GARDEBRING**, in her capacity as Commissioner of the Minnesota Department of Human Services, and Otis R. **Bowen**, in his capacity as Secretary of the United States Department of Health and Human Services, Defendants.

Civ. No. 3–87–408.

United States District Court,
D. Minnesota,
Third Division.

Jan. 12, 1989.

Berry Friesen, Michael Hagedorn, Southern Mn. Regional Legal Services, Inc., St. Paul, Minn., for plaintiffs.

Craig Anderson, Deborah L. Huskins, Sp. Assts. to Atty. Gen., St. Paul, Minn., for Sandra Gardebring.

Jim Goeser, Mary Jo Madigan, Asst. U.S. Atty., Minneapolis, Minn., for Otis R. Bowen.

ORDER FOR PARTIAL
SUMMARY JUDGMENT

RENNER, District Judge.

The matter came before the court on December 30, 1988 on the motions of plaintiffs and Secretary Bowen for partial summary judgment. Berry Friesen and Michael Hagedorn of Southern Minnesota Regional Legal Services, Inc. appeared on behalf of plaintiffs. James R. Goeser, Assistant Regional Counsel, appeared on behalf of Secretary Bowen. Craig R. Anderson and Deborah L. Huskins, Special Assistant Attorneys General, appeared on behalf of Commissioner Gardebring.

Although other matters are raised by the parties' motions, the hearing was confined to three issues, each of which concerns support payments received by Minnesota IV–D agencies during or after December, 1988. The first is whether support payments that were withheld from paychecks at a time prior to December but which were received by Minnesota IV–D agencies during December were timely and thus subject to distribution under 42 U.S.C. § 657(b)(1). The second issue is whether support payments which were mailed by absent parents prior to December and which were received by Minnesota IV–D agencies during December were timely and thus subject to distribution under 42 U.S.C. § 657(b)(1). The third issue is whether support payments which were mailed by absent parents during December and which were received by Minnesota IV–D agencies after December were timely and thus subject to distribution under 42 U.S.C. § 657(b)(1), as amended by Section 102 of the Family Support Act of 1988.

In light of Congress' clarifying amendment to 42 U.S.C. § 657(b)(1), enacted as part of the Family Support Act of 1988, Pub.L. 100–485, plaintiffs, on November 16, 1988, withdrew that portion of their motion for partial summary judgment which challenged 45 C.F.R. § 302.51(b)(1). The latter regulation provides that a pass-through may be issued only with respect to a current support payment.

The Court directed the parties to address, by letter and at the December 30, 1988, hearing, only questions concerning the proper application of the statutory date of collection rules and related Eleventh Amendment issues. In an instructional bulletin issued December 30, 1988, defendant Gardebring directed local IV–D agencies in Minnesota to determine whether to issue pass-through payments with respect to amounts received by those agencies during December 1988 on the basis of 42 U.S.C. § 657(b)(1), as amended by the Family Support Act of 1988.

 For reasons more fully explained by the Court during the December 30, 1988 hearing, the Court has concluded that, pursuant to the child support distribution and disregard statutes [42 U.S.C. § 657(b)(1) and 42 U.S.C. § 602(a)(8)(A)(vi)], as contained in the Deficit Reduction Act of 1984, the timeliness of a support payment is not determined by reference to the date it is withheld by an employer or mailed by an absent parent, but by reference to the date the support payment is received by a IV–D or other legally responsible collecting agency.

Amendments contained in Section 102 of the Family Support Act of 1988 require the issuance of pass-through payments not only from support payments received in a month, but also from support payments for a prior month if those support payments "were made by the absent parent in the month when due". The Court concludes that under these amended provisions the absent parent's act of mailing a support payment to a IV–D or other legally responsible collection agency soon enough so that the envelope containing the payment is postmarked in the month when the payment is due completes all action necessary for the parent to "make" the payment in the month when due. Therefore, the amended statutory provisions authorize issuance of a pass-through with respect to a support payment mailed by the obligor parent to the IV–D or other legally responsible collection agency in an envelope postmarked in the month when due.

Therefore, upon the files, records and proceedings herein, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for an order requiring Commissioner Gardebring to issue pass-through payments from support payments withheld by employers from paychecks prior to December, 1988 but received by Minnesota IV–D agencies during December, 1988, and plaintiffs' corresponding motion for declaratory judgment, are denied. Defendant Bowen's motion for summary judgment upholding his regulation at 45 C.F.R. § 302.51(a) in this respect is granted.

2. Plaintiffs' motion for an order requiring Commissioner Gardebring to issue pass-through payments from support payments mailed by absent parents prior to December, 1988 but received by Minnesota IV–D agencies during December, 1988, and plaintiffs' corresponding motion for declaratory judgment, are denied. Defendant Bowen's motion for summary judgment upholding his regulation at 45 C.F.R. § 302.51(a) in this respect is granted.

3. The Court hereby declares that pursuant to 42 U.S.C. § 657(b)(1) and 42 U.S.C. § 602(a)(8)(A)(vi), as amended by the Family Support Act of 1988, Pub.L. 100–485, § 102, the date a mailed payment is made is the date of its postmark, and the timeliness of payments mailed by absent parents during and after December 1988 and received by Minnesota IV–D agencies after December 1988 may be determined by reference to the postmark date.