Pearl Jane **VANSCOTER**, Lori Arndt, Doris Munroe and Barbara Wilson, individually and on behalf of all others similarly situated, Plaintiffs,

v.

Otis R. **BOWEN**, Secretary of the United States Department of Health and Human Services, and Jule Sugarman, Secretary, State of Washington Department of Social and Health Services, Defendants.

No. C86–1568WD.

United States District Court, W.D. Washington.

July 14, 1988.

On Order to Vacate or Amend Feb. 8, 1989.

Thomas E. Ashton III, Evergreen Legal Services, Bellingham, Wash., Deborah Perluss, Evergreen Legal Services, Seattle, Wash., and Joyce Brekke, Evergreen Legal Services, Vancouver, Wash., for plaintiffs.

Dan Radin, Christine L. Currie, Asst. Attys. Gen., Office of the Atty. Gen., Seattle, Wash., for defendant Sugarman.

Robert E. Keith, Asst. U.S. Atty., Office of Gen. Counsel, Washington, D.C., for defendant Bowen.

## ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

DWYER, District Judge.

Plaintiffs in this class action have moved for summary judgment declaring (1) that

42 U.S.C. § 657(b)(1) requires the state to "pass through" $50 to the plaintiffs and class members for each month of child support collected by the state while they receive income maintenance payments, and that 45 C.F.R. §§ 302.51(a) and (b) violate this requirement; (2) that 45 C.F.R. §§ 302.51(a) and (b) violate the equal protection guarantees of the Fifth and Fourteenth Amendments; and (3) that due process requires that the plaintiffs and class members be given timely and adequate notice when support payments are collected by the state. Injunctive relief is sought.

Defendants Bowen and Sugarman have filed cross-motions for summary judgment determining that the federal regulation and its state counterpart are consistent with federal law and the United States Constitution.

Having read and considered the motions and all materials submitted in support of and in opposition to them, and having heard oral argument of counsel, the court now finds and rules as follows:

## I. BACKGROUND

Plaintiffs are low-income single parents of minor children who receive Aid to Families with Dependent Children ("AFDC").[1] Defendant Bowen is the Secretary of the United States Department of Health and Human Services ("HHS"); defendant Sugarman is the Secretary of the Washington State Department of Social and Health Services ("DSHS"). These agencies administer the AFCD program at the national and state levels.

As a condition of receiving AFDC, the plaintiffs and class members must assign to the State of Washington their right to collect child support. 42 U.S.C. § 602(a)(26)(A). The state Office of Support Enforcement ("OSE"), administered by defendant Sugarman, is required to enforce support obligations for the children. 42 U.S.C. § 651 *et seq.*[2] Each plaintiff and class member is entitled to receive the first $50 of child support collected by OSE, 42 U.S.C. § 657(b)(1), without it affecting the recipient's monthly AFDC benefit determination. 42 U.S.C. § 602(a)(8)(A)(vi).

HHS has promulgated a regulation interpreting 42 U.S.C. § 657(b)(1) to require the state to distribute the first $50 of child support collected only when the payment is received by OSE in the month in which it is due. 45 C.F.R. § 302.51(b).[3] No pass-through distribution is made if support payments for prior months are received by OSE.[4] The date of receipt by OSE is determinative. 45 C.F.R. § 302.51(a).[5]

Plaintiffs argue that the challenged regulation unlawfully penalizes them and their children because of circumstances beyond their control. For example, an absent parent may pay support promptly through

---

1. AFDC is a cooperative federal and state program established by Title IV of the Social Security Act of 1935, 49 Stat. 627, to provide financial assistance to low-income children and those who live with and care for them. 42 U.S.C. § 601. "[T]he federal program reimburses each State which chooses to participate with a percentage of the funds it expends. § 403, 42 U.S.C. § 603. In return, the State must administer its assistance program pursuant to a state plan that conforms to applicable federal statutes and regulations. § 402, 42 U.S.C. § 602." *Heckler v. Turner*, 470 U.S. 184, 189, 105 S.Ct. 1138, 1141, 84 L.Ed.2d 138 (1985).

2. In 1974, title IV–D of the Social Security Act was enacted to ensure that the absent parents of AFDC recipients fulfilled their obligations to provide support for their dependent children. Pub.L. 93–647, § 101(a), 88 Stat. 2351 *et seq.* (1975); 42 U.S.C. § 651 *et seq.* Title IV–A requires that each state participating in the AFDC program have in effect a support enforcement

program approved under title IV–D. 42 U.S.C. § 602(a)(27).

3. The Washington State distribution scheme follows the federal regulation. *See* W.A.C. 388–14–270(2)(a) and Policy Manual F, Ch. 21.15.

4. If amounts are received by OSE which represent future support payments and there are no arrearages, these amounts are applied to future months. 45 C.F.R. § 302.51(c). Presumably, as a future payment comes due, the first $50 would be passed through to the AFDC recipient.

5. On June 9, 1988, 45 C.F.R. § 302.51(a) was revised to expand the definition of "date of collection." *See* 53 F.R. 21642 (June 9, 1988). The date of collection is now defined as the date a support payment is received by the authorized IV–D agency or by a legal entity of the state or other political subdivision actually making the collection, whichever is earlier.

wage assignment, but the employer may not forward the payments promptly to OSE. Or, due to a postal delay, a payment timely made may not be received by OSE until the following month. In neither case will the AFDC recipient get a pass-through payment, even though both the custodial and the absent parent have cooperated in support enforcement. Plaintiffs further argue that delays by OSE in establishing individual support enforcement plans unfairly penalize the recipients.

Plaintiffs claim that 42 U.S.C. § 657(b)(1) entitles them and the class members to receive up to $50 of each support payment received by OSE whether or not it is collected in the month in which it is due. They contend that 45 C.F.R. §§ 302.51(a) and (b) violate the plain meaning of the Social Security Act and frustrate the intent of Congress that children benefit whenever child support is collected. They argue also that the regulation violates equal protection guarantees. In addition, plaintiffs claim that the state defendant's failure to provide notice of the amount of support collected, and of how it is distributed, denies them and the class members due process of law.

## II. DISCUSSION

### A. *Statutory Claim*

■ A court reviewing an agency's interpretation of a statute must give effect to the intent of Congress if it is unambiguously expressed. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984). Congress has provided in 42 U.S.C. § 657(b)(1), added to title IV–D of the Social Security Act as part of the Deficit Reduction Act of 1984 (DEFRA), Pub.L. 98–369, 98 Stat. 494, that

the first $50 of such amounts as are collected periodically which represent monthly support payments shall be paid to the family without affecting its eligibility for assistance or decreasing any amount otherwise payable as assistance to such family during such month.

■ The express language of Section 657(b)(1)—"such amounts as are collected

periodically which represent monthly support payments"—entitles AFDC recipients to a $50 pass-through as to each support payment collected. Nothing in the wording of the section would limit pass-throughs to those collected in the month in which they fall due. Every court that has decided the issue to date has held that 45 C.F.R. § 302.51 violates the plain meaning of 42 U.S.C. § 657(b)(1) to the extent that it prohibits the state from passing through more than $50 in a month when it collects child support payments for more than one month. *Wilcox, et al. v. Ives,* 676 F.Supp. 355 (D.Me.1987), *appeal pending* (1st Cir. No. 88–1371, filed April 25, 1988); *Beasley v. Harris,* 671 F.Supp. 911 (D.Conn.1987); *Humble v. Department of Public Aid,* 165 Ill.App.3d 624, 116 Ill.Dec. 509, 519 N.E.2d 99 (1988).

■ Defendants urge the court to read Section 657(b)(1) in conjunction with 42 U.S.C. § 602(a)(8)(A)(vi), enacted at the same time. Section 602(a)(8)(A)(vi) provides that the state agency making the AFDC benefit determination

shall disregard the first $50 of any child support payments received in such month with respect to the dependent child or children in any family applying for or receiving aid to families with dependent children (including support payments collected and paid to the family under section 657(b) of this title).

The disregard allowed under Section 602(a)(8)(A)(vi), defendants say, is limited to $50 for each month in which one or more child support payments are received. They contend that this indicates Congress's intent to limit Section 657(b)(1) in the same way.

However, nothing in Section 602(a)(8)(A)(vi) compels the result urged by defendants. Even if the section were read to mean that only $50 per month in pass-throughs could be disregarded for AFDC purposes, that would not be a reason to ignore the clear statutory mandate of Section 657(b)(1), which requires that $50 be passed through out of each support payment collected.

Moreover, the language of Section 602(a)(8)(A)(vi) does not establish a congressional intent to allow only one disregard if several pass-throughs are received in one month. HHS has recognized this. In its June 9, 1988, amendment to 45 C.F.R. § 302.51(a), HHS permits multiple disregards of pass-throughs made to an AFDC recipient in one month if each support payment was timely made to a legally accountable public entity. 53 F.R. at 21644. This demonstrates that Section 602(a)(8)(A)(vi) does *not* limit the disregards to one $50 item per month; *a fortiori*, it cannot be read to limit pass-through entitlements under the clear language of Section 657(b)(1).

The federal defendant has argued in a supplemental brief that two recent House and Senate committee reports concerning bills pending in Congress support the HHS interpretation. The House bill (H.R. 1720) would amend 42 U.S.C. § 657(b)(1) by providing for pass-throughs including "the first $50 of ... a payment received in one month which was due for a prior month if it was timely made when due by the absent parent." The Senate bill (S. 1511) would amend the same section by providing for pass-throughs including "the first $50 of payments for each prior month received in that month which were made by the absent parent in the month when due...." The Senate committee report includes the following statement:

> The Committee believes that this is essentially a clarifying amendment that reflects the original intent; however, the Committee is aware that differences of interpretation may exist. The Committee does not intend that an inference should be drawn from the enactment of this provision or its effective date as to the meaning of the law as previously in effect.

The House committee report includes the following statement:

> The bill would clarify that the family is to receive the disregard whenever the absent parent makes a timely payment and without regard to the time it takes State agencies to process the payment.

A careful review of the proposed amendments now pending in Congress, and the committee reports, shows that they do not support defendant's position for the following reasons: (1) The Senate report says that the committee does not intend that any inference should be drawn from the proposed enactment as to the meaning of the law as it now stands; (2) it could as easily be argued that if Section 657(b)(1) means what defendant says it means there would be no need to amend it, and that an adoption of the proposed amendments would support plaintiffs' position; (3) legislative history is not needed in any event where a statute is clear and unambiguous on its face; and (4) neither of the pending bills has been enacted and Congress therefore has yet to express itself on the subject.

Plaintiffs and defendants agree that the pass-through provision serves at least four goals: (1) To provide an incentive for AFDC recipients to cooperate with support enforcement; (2) to provide an incentive for absent parents to make regular and timely support payments; (3) to provide supplemental income to needy families; and (4) to reduce governmental spending and the federal deficit.

These policies are served regardless of whose interpretation of the statute is adopted. An AFDC recipient has an incentive to cooperate with support enforcement if a pass-through is made whenever support is received by OSE. The recipient also has an incentive to cooperate when only current payments are passed through, but to a lesser degree. Defendants claim that their interpretation encourages regular and timely payments by the non-custodial parent; however, there can be a disincentive for the non-custodial parent to make voluntary payments if the children do not benefit from late payments. Both interpretations further the purpose of reimbursing the government for AFDC expenditures, although defendants' position does so to a greater degree. Plaintiffs' reading of the statute better serves the central purpose of AFDC—to provide aid to needy children. The court's role, however, is not to promote

one policy over another but rather to apply the law as it stands.

■ An agency's interpretation of a statute is entitled to considerable deference if the statute is ambiguous and the agency's construction is a permissible one. *Chemical Manufacturers Association v. Natural Resources Defense Council, Inc.*, 470 U.S. 116, 125, 105 S.Ct. 1102, 1107, 84 L.Ed.2d 90 (1985). Reviewing courts, however, "must not 'rubber-stamp ... administrative decisions that they deem inconsistent with a statutory mandate or that frustrate the congressional policy underlying the statute.'" *Bureau of Alcohol, Tobacco & Firearms v. Federal Labor Relations Authority, et. al.*, 464 U.S. 89, 97, 104 S.Ct. 439, 444, 78 L.Ed.2d 195 (1983) (quoting *NLRB v. Brown*, 380 U.S. 278, 291–92, 85 S.Ct. 980, 988–89, 13 L.Ed.2d 839 (1965)). Section 657(b)(1) is not ambiguous. The challenged regulation, 45 C.F.R. § 302.51, conflicts with that statute. Accordingly, plaintiffs' motion for summary judgment on this issue is granted, and defendants' cross-motion for summary judgment is denied. The parties are directed to submit on or before August 12, 1988, their proposals as to the form of a permanent injunction.

### B. *Equal Protection Claim*

Because the court finds that 45 C.F.R. §§ 302.51(a) and (b) violate the statutory mandate of 42 U.S.C. § 657(b)(1), the equal protection claim need not be reached.

### C. *Due Process Claim*

■ Plaintiffs argue that they and the class members are entitled under the due process clause of the Fourteenth Amendment to timely and adequate notice of the amount of child support the state receives on their account, of how the money is allocated and distributed, and of their right to a fair hearing on grievances.[6] At present, a notice is sent only when an amount is being passed through, and it does not indicate the total amount received or how the funds were allocated. Defendants maintain that because the pass-through is a bonus and not an AFDC benefit, the notice

now afforded satisfies due process requirements.

Property rights can be created by statute. *See, e.g., Atkins v. Parker*, 472 U.S. 115, 105 S.Ct. 2520, 86 L.Ed.2d 81 (1985); *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed. 2d 494 (1985). Although plaintiffs have assigned their child support payments to OSE as a condition of receiving AFDC benefits, the government has restored their right to a pass-through payment and to excess payments when AFDC reimbursement has been made. 42 U.S.C. § 657(b). The recipients, therefore, have a protectible property interest in the pass-through payments.

■ Adequate notice is at the heart of due process. *Gray Panthers v. Schweiker*, 652 F.2d 146, 168 (D.C.Cir.1980). Notice must be reasonably calculated to apprise the parties of a pending action and afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Specific requirements of due process, however, vary with the circumstances and entail the weighing of competing interests. *Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976). Factors the court considers when deciding what process is due in a given situation include the private interest affected; the risk of erroneous deprivation through current practices and the probable value of additional safeguards; and the government's interests, including any fiscal and administrative burdens that would be imposed by new procedures. *Id.* at 335, 96 S.Ct. at 903.

Here, plaintiffs are entitled to receive up to $50 for each support payment collected by OSE. This can be an important supplement to a family with limited resources. Because the payment is a bonus and not a benefit to which the family becomes entitled based on need, however, plaintiffs' interests are not as compelling as those of persons who face the reduction or termination of AFDC benefits. *See Goldberg v.*

---

6. A fair hearing is provided for by statute. RCW 74.08.070.

*Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed. 2d 287 (1970).

The notice that the plaintiffs and class members receive when a pass-through payment is made does not state the total support collected by OSE or the overall allocation. It advises the recipient that she is receiving the amount to which she is entitled, and that if she disagrees with the decision she has the right to a fair hearing. However, without being told the total amount of support collected or how it is allocated, the recipient has no adequate opportunity to contest the agency's decision. Unless informed as to when the payments are made and in what amounts, the recipient cannot assess whether allocation has been made in accordance with the distribution scheme required by 42 U.S.C. § 657(b).

Defendants argue that the risk of error is low and that the cost of sending individualized monthly notice is substantial. As matters stand now, however, the plaintiffs and class members must rely solely on the state's allocation of payments; they cannot evaluate error at all. The state is presumably keeping the necessary information to generate the pass-through and reimburse itself for AFDC payments. Since October 1, 1985, the state has been required to send each recipient at least annual notice of the amount of child support collected on behalf of the family and the amount paid to the family. 42 U.S.C. § 654(5); 45 C.F.R § 302.54. To that extent, individualized notice is already required.

For the reasons stated, the court finds that the current notice sent by the state to the plaintiffs and class members does not satisfy due process standards. Due process requires that the recipients be given sufficient notice to permit them to determine whether they are receiving the support to which they are entitled. It is not enough that a plaintiff or class member might request a hearing to seek an accounting. That would place the burden of acquiring notice on the recipient, whereas due process requires that notice be provided by the defendants. *Schroeder v. Hegstrom,* 590 F.Supp. 121, 128 (D.Ore.1984).

Each plaintiff and class member must receive a periodic notice stating the amount of child support collected by the state, how it is allocated, and the recipient's right to a fair hearing. The notice need not be sent monthly, however. The parties are requested to submit on or before August 12, 1988, their written suggestions as to when and how the notice should be provided.

### III. CONCLUSION

Plaintiffs' motion for summary judgment declaring that 45 C.F.R. §§ 302.51(a) and (b) violate the statutory mandate of 42 U.S. C. § 657(b)(1) is granted. Defendants' cross-motion for summary judgment is denied. Plaintiffs' motion for summary judgment determining that the notice sent by the State of Washington when a pass-through payment is made denies them and the class members due process of law is granted. The parties are directed to submit by August 12, 1988, their proposals as to the form of a permanent injunction and as to when and how a constitutionally adequate notice should be given.

The clerk is directed to send copies of this order to all counsel of record.

### ON ORDER TO VACATE OR AMEND

Defendants Bowen and Sugarman have moved for an order vacating or, in the alternative, amending the declaratory judgment and permanent injunction entered herein on October 13, 1988. Defendant Sugarman has also moved to terminate the injunction.

The background of these motions is as follows:

On July 14, 1988, the court entered an order granting plaintiffs' motion for summary judgment determining that 45 C.F.R. §§ 302.51(a) and (b) violated 42 U.S.C. § 657(b)(1), and were therefore void and unenforceable. The court also found that the notice sent by the state to class members when a pass-through payment was made failed to meet due process requirements. Defendants' cross-motions for summary judgment were denied, and the parties were asked to submit their propos-

als as to the form of a permanent injunction. After they did so, an order of declaratory judgment and permanent injunction was entered on October 13, 1988, with an effective date of November 13, 1988.

On October 13, 1988, the President signed into law the Family Support Act of 1988, Pub.L. 100–485 (the "Act"). The Act amends 42 U.S.C. §§ 657(b)(1) and 602(a)(8)(A)(vi) effective January 1, 1989. Defendants now argue that the Act clarifies the intent of Congress in a way that requires that the permanent injunction be vacated. They also contend that Eleventh Amendment sovereign immunity precludes the ordering of prospective relief from the date of the memorandum decision on the cross-motions for summary judgment, and requires that any relief follow the effective date of the injunction. Defendant Sugarman argues further that the due process notice required by the court is overbroad.

Plaintiffs concede that the Act affects the permanent injunction after the January 1, 1989 effective date of the statute. They argue, however, that the injunction as issued should remain in effect through December 31, 1988. They contend also that a modified injunction should continue in force beyond the Act's effective date. Finally, plaintiffs argue that prospective relief can be ordered from the date of the memorandum decision, and that the notice in the form ordered is necessary to afford due process.

Oral argument was held on the defendants' motions on January 6, 1989. Since then the parties have submitted additional authorities, the most recent of which was received on January 31, 1989. Having fully considered all materials and arguments submitted, the court now finds and rules as follows:

## I. FAMILY SUPPORT ACT OF 1988

■ Section 102 of the Family Support Act of 1988 reads as follows:

(a) In General—Section 402(a)(8)(A)(vi) of the Social Security Act is amended by striking "of any child support payments received in such month" and inserting in lieu thereof "of any child support payments for such month received in that month, and the first $50 of child support payments for each prior month received in that month if such payments were made by the absent parent in the month when due."

(b) Conforming Amendment—Section 457(b)(1) of such Act is amended by striking "the first $50 of such amounts as are collected periodically which represent monthly support payments" and inserting in lieu thereof "of such amounts as are collected periodically which represent monthly support payments, the first $50 for any payments for a month received in that month, and the first $50 of payments for each prior month received in that month which were made by the absent parent in the month when due."

The statute as it stood before the recent amendment required the state agency to pass through the first $50 of each child support payment collected without restriction as to when it was made or received. See the Order on Cross–Motions for Summary Judgment entered herein on July 14, 1988, and *Wilcox v. Ives*, 864 F.2d 915 (1st Cir.1988). The Act changes that requirement in that, beginning January 1, 1989, the pass-through must be made as to each payment "made by the absent parent in the month when due."

The first question is whether the Act merely "clarifies" the statute, as defendants argue, to express what Congress meant all along. The answer is that it does not. The prior section was clear and unambiguous. So is the amended version, adopted by a later Congress to become effective at a specified future date. A substantive change has been made, and the change does not diminish the validity of the order finding the challenged regulations unlawful under the original statute. *See Mosley v. Bowen*, 703 F.Supp. 1288 (S.D. Ohio 1989).

The legislative history supports this conclusion despite references to a "clarifying amendment." The opening paragraph of the conference report accompanying the Act states:

The committee of conference on the disagreeing votes of the two Houses on the amendment of the Senate to the bill (H.R.1720) to *replace* the existing AFDC program with a new Family Support Program which emphasizes work, child support, and need-based family support supplements, to *amend* title IV of the Social Security Act to encourage and assist needy children and parents under the *new* program to obtain the education, training and employment needed to avoid long-term welfare dependence, and to make other necessary *improvements* to assure that the *new* program will be more effective in achieving its objectives, having met, after full and free conference, have agreed to recommend and do recommend to their respective Houses as follows

.   .   .   .   .

House Conf.Rep. No. 100–998, 100th Cong., 2d Sess. 1 (1988) (emphasis added), U.S. Code Cong. & Admin.News 1988, p. 2776.

Section 102 of the Act states that sections 402(a)(8)(A)(vi) and 457(b)(1) of the Social Security Act are "amended." Those amendments are to "become effective on the first day of the first calendar quarter which begins after the date of the enactment of this Act." Section 102(c). Other sections of the Act have different effective dates. *See, e.g.,* sections 111 and 112(b). If Congress had intended retroactive application of any of these amendments, it could have said so.

■ A Congressional enactment will not be given retroactive application unless the language used requires that result. *Bowen v. Georgetown University Hospital,* — U.S. ——, 109 S.Ct. 468, 472, 102 L.Ed.2d 493 (1988). Here, the language used by Congress, and the effective dates it chose, are consistent with prospective application of the amendments.

■ It follows that the plaintiffs and class members herein are entitled, as to the period from November 13 through December 31, 1988, to the relief provided for in the injunction as originally issued, except for certain parts thereof which will be modified to achieve harmony with the amended injunction now issued.

The next question is whether the Act eliminates the need for injunctive relief from and after its effective date of January 1, 1989. The answer is that it does not, and that a modified injunction must issue.

Defendants argue that the Act adopts a "date of receipt" rule. But plainly it does not do so; it does not, in other words, limit the pass-through entitlement to payments "received" or "collected" in the month when due. The Act expressly requires a pass-through as to each payment "made by the absent parent" in the month when due. A regulation or practice limiting the pass-through entitlement to payments received or collected in the month when due thus violates the new as well as the old version of the statute.

■ The defendants also resist a determination that a support payment is "made" by the absent parent when he mails it. Defendant Sugarman argues that a payment is "made" only when it comes into the possession of a state agency, which would equate "made" with "collected." The statutory language cannot support that interpretation. A resolution of what "made" means in this context, in view of the defendants' history of withholding pass-through payments to which the custodial parents are entitled, should not be delayed. The court finds that the recent order in *Berg v. Gardebring,* Civil No. 3–87–408, slip op., —— F.Supp. ——, (D.Minn. Jan. 12, 1989), is correct in determining that a mailed payment is made on the date of its postmark. Similarly, a payment deducted from an absent parent's paycheck is made on the date it is withheld by the employer.

For the reasons stated, the plaintiffs and class members are entitled to an amended injunction in the form filed herewith. The defendants' motions to amend are granted in part and denied in part in accordance with the foregoing. Their motions to vacate or terminate the injunction are denied.

## II. ELEVENTH AMENDMENT SOVEREIGN IMMUNITY

■ By reason of sovereign immunity, a federal court may not order a state to

pay retroactive relief from the public treasury. Only prospective injunctive relief may be ordered. *Edelman v. Jordan,* 415 U.S. 651, 677, 94 S.Ct. 1347, 1362, 39 L.Ed. 2d 662 *rehearing denied,* 416 U.S. 1000, 94 S.Ct. 2414, 40 L.Ed.2d 777 (1974). Here, there was no injunction in effect until November 13, 1988. The summary judgment order of July 14, 1988 was not an injunction and, accordingly, relief cannot be ordered for any period prior to November 13, 1988.

## III. DUE PROCESS NOTICE

Defendant Sugarman contends that the notice required by the permanent injunction is overbroad because it contains irrelevant information. Due process requires that the class members be notified periodically as to the amount of child support collected; when, from whom, and how it is distributed; and the recipient's right to a hearing. No notice is required when no support payments are made. The form of notice attached to the original injunction incorporates the necessary information and is not overbroad. Modifications have been made to the form attached to the amended injunction now issued. In addition, minor modifications which do not substantially affect the content of the notice, and are agreed to by counsel, may be made without violating the order.

## IV. TECHNICAL AMENDMENTS

Defendant Bowen has proposed technical amendments to the permanent injunction. One is to correct a statutory citation, and another is to add a mention that child support collections made by state income tax interception are not subject to pass-through payments. The latter reference was omitted because Washington does not have a state income tax. Because conditions can change, however, the reference will be added to the permanent injunction.

## V. PLAINTIFFS' APPLICATION FOR COSTS AND ATTORNEYS' FEES

Plaintiffs' application for costs and attorneys' fees, previously briefed and noted for December 2, 1988, is renoted for February 24, 1989. The parties may file supplemental affidavits and/or briefs by February 20, 1989. Supplemental briefs should not exceed ten pages per side (not per party). Supplemental reply briefs, not to exceed five pages per side, may be filed by February 23, 1989.

## VI. APPLICATION FOR STAY OF COMPLIANCE

On January 6, 1989, at defendants' request, the court entered a minute order staying defendants' compliance with the original injunction pending a ruling on their motions to vacate or amend. Defendant Sugarman now requests that compliance be further postponed to give defendants an opportunity to seek a stay from the Ninth Circuit. Defendants' compliance with the amended injunction should be prompt and complete. However, they should also have an adequate opportunity to seek a stay from the Court of Appeals. That opportunity is provided by the timetable established in the amended injunction. Accordingly, no stay is necessary and the defendants' request for one is denied.

The clerk is directed to send copies of this order to all counsel of record.