Loretta LAWYER, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

Alex VALDEZ, As Secretary of the New Mexico Department of Human Services; and

Louis Sullivan, M.D., As Secretary of the United States Department of Health and Human Services, Defendants.

No. CIV 88–0620 JC.

United States District Court, D. New Mexico.

Aug. 17, 1990.

Craig Fretwell, Patricia Glazek, Northern New Mexico Legal Services, Santa Fe, N.M., for plaintiffs.

Susan K. Rehr, Human Services Dept., Santa Fe, N.M., for state defendants.

Ruth Davey, Albuquerque, N.M., Kermit Fontino, Dept. of Health & Human Services, Dallas, Tex., for federal defendants.

## MEMORANDUM OPINION AND ORDER

CONWAY, District Judge.

THIS MATTER is now before the Court on the federal defendants' Motion for Summary Judgment, filed July 26, 1989, the state defendants' Motion for Partial Summary Judgment Against the Federal Defendants, filed July 28, 1989, and the plaintiffs' Motion for Summary Judgment, filed August 7, 1989. Having reviewed the memoranda of the parties and heard the arguments of counsel at a hearing on January 12, 1990, and having further reviewed the applicable law, I find that the federal defendants' Motion for Summary Judgment is not well-taken and will be denied. I further find that the state defendants' Motion for Partial Summary Judgment Against the Federal Defendants is not well-taken and will be denied. The plaintiffs' Motion for Summary Judgment is well-taken in part and will be granted in part.

## FACTS

This case was initiated in May 1988 by a custodial parent plaintiff who receives Aid to Families With Dependent Children ("AFDC"). The AFDC program is a cooperative federal and state assistance program designed to provide financial assist-

ance to needy families with children who have been deprived of parental care and support by the death, incapacity or continued absence from home of a parent. 42 U.S.C. § 606(a). To participate in the federal program, a state must submit for the approval of the Secretary of Health and Human Services a state plan which meets all of the federal programs, statutory and regulatory requirements. 42 U.S.C. § 602(a) and (b).

With the intent of insuring that absent parents of AFDC recipients fulfill their lawful obligation to provide support for their dependent children, Congress in 1974 enacted a program entitled "Child Support and Establishment of Paternity" as Title IV–D to the Social Security Act. Title IV–A (AFDC) was also amended to provide, as a IV–A state plan requirement, that an AFDC participating state must have in effect and operate a child support program approved under Title IV–D. 42 U.S.C. § 602(a)(27). As a condition of eligibility for AFDC benefits, an AFDC applicant or recipient is required to assign to the state any support rights they have in their own right, or on behalf of their dependents who are recipients of AFDC, and must cooperate with the state in establishing and enforcing support obligations. 42 U.S.C. § 602(a)(26).

The 1974 amendments created the original child support pass through/disregard. That amendment provided that 40% of the first $50.00 of support collected on the monthly support obligation would be paid to the family without affecting its AFDC eligibility. 42 U.S.C. § 657(a)(1). This provision expired on September 30, 1976.

The enactment of the Deficit Reduction Act of 1984 ("DEFRA") revived the child support pass through. The DEFRA amendments created the statutory provisions challenged by the plaintiffs in this lawsuit. The statute in question, 42 U.S.C. § 602(a)(8)(A) was amended to provide that the state agency, in making the determination of a family's eligibility for AFDC:

shall disregard the first $50.00 of any child support payments received in such month with respect to the dependent child or children in any family applying for or receiving Aid to Families with Dependent Children (including support payments collected and paid to the family under section 457(b)).

42 U.S.C. § 602(a)(8)(A) (1984). A parallel amendment to section 657(b)(1) of Title IV–D of the act provided that:

the first $50.00 of such amounts as are collected periodically which represent monthly support payments shall be paid to the family without affecting its eligibility for assistance or decreasing any amount otherwise payable as assistance to such family during such month;

42 U.S.C. § 657(b)(1) (1984).

Regulations implementing these two statutory amendments were published simultaneously by the Social Security Administration's Office of Family Assistance and the HHS Office of Child Support Enforcement on September 10, 1984. *See,* 45 C.F.R. §§ 232.20(a) and 302.51(b)(1). The child support regulation provides in pertinent part:

(a) Of any amount that is collected in a month which represents payment on the required support obligation for that month, the first $50.00 of such amount shall be paid to the family.... If the amount collected includes payment on the required support obligation for a previous month or months, the family shall only receive the first $50.00 of the amount which represents the required support obligation for the month in which the support was collected.... No payments shall be made to a family under this paragraph for a month in which there is no child support collected.

45 C.F.R. § 302.51(a). Essentially, this regulation was interpreted by the Federal Regulatory Advisory Staff and the states responsible for collecting child support payments in such a manner that only one $50.00 pass through was allowed regardless of whether more than one payment was actually collected within a given month. Effective January 1, 1989, 42 U.S.C. §§ 602(a)(8)(A) and 657(b)(1) require that a $50.00 pass through be made as to each support payment made by the absent

parent in the month when due. Public Law 100–485, § 102.

## CLAIMS AND ALLEGATIONS

The allegations in the plaintiffs' Complaint with regard to the federal defendants are that the regulation found at 45 C.F.R. § 302.51(a)(1) conflicts with 42 U.S.C. §§ 657(b)(1) and 602(a)(8)(A), and that the federal defendants' actions and policies in implementing the regulations violate the statutes which they are intended to interpret. The plaintiffs request findings and declaratory relief to that effect, and an injunction prohibiting the federal defendants from applying the regulations and implementing policies in violation of the statutes and constitutional guarantees of due process and equal protection.

In response to this allegation, the federal defendants urge that the statutory and regulatory amendments, which became effective January 1, 1989, render the plaintiffs' cause of action moot against them. The federal defendants argue that as of the effective date of the amendments to 42 U.S.C. §§ 602(a)(8)(A) and 657(b)(1), January 1, 1989, the statute comported with the regulation contained at 45 C.F.R. § 302.51 as amended June 9, 1988. Because of this correlation, the federal defendants argue that as of January 1, 1989, the plaintiffs are not entitled to any of the forms of relief sought in the Complaint.

## DISCUSSION: PART I

In my prior Order denying the state defendants' Motion to Dismiss and/or for Partial Summary Judgment, which was filed on July 14, 1989, I adopted the rationale of the district court in its Order on Cross–Motions for Summary Judgment in the case of *Vanscoter v. Bowen*, 706 F.Supp. 1432 (D.C.Wash.1988), which presents a fact situation virtually identical to the instant case. No facts or legal issues have come to light since the entry of that July 14 Order which have persuaded me to alter my reliance on the *Vanscoter* case, which I find very thorough and well-reasoned. I will therefore adopt the rationale set forth there with regard to the alleged correlation between amended 42 U.S.C. §§ 602(a)(8)(A) and 657(b)(1) and 45 C.F.R. § 302.51.

As Judge Dwyer found in *Vanscoter*, I likewise find that the statute and the regulation do not correspond or have the same effect upon the parties who participate in this AFDC collection and support payment process. I find that the statutes and regulations were in conflict from October 1984 to December 31, 1988, on the issue of appropriate treatment of multiple payments.

I further find that the statute contemplates that support monies shall be deemed "payments made" at the time they are mailed or garnished, in contrast to the regulation which contemplates that support monies should only be credited in the month in which they are received or collected. Therefore, the statute and the regulations are at odds on the issue of timing with regard to when a payment should be credited.

Prior to the January 1, 1989 amendments, the appropriate interpretation of the statute should have been to allow the plaintiffs an entitlement to pass throughs from all collected monthly support payments whether or not they were actually received in the month when due. *Wilcox v. Ives*, 864 F.2d 915 (1st Cir.1988) and *Mosley v. Bowen*, 703 F.Supp. 1288 (S.D.Oh.1989). Because the regulation and statute differed prior to the January 1, 1989 amendments, on the issue of the number of pass throughs allowed, AFDC-assisted plaintiffs may be entitled to retroactive relief for the federal defendants' failure to allow more than one pass through from October 1984 to December 31, 1988. Having made this finding, I now determine that the federal defendants are not entitled to judgment as a matter of law and further find that there exists a factual determination which must be made on a more complete record with regard to which monthly support payments were passed through and at what point they were credited. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is inappropriate and will be denied.

## PART II

■ Turning now to the state defendants' Motion for Partial Summary Judgment Against the Federal Defendants, I find that it is not well-taken in two respects. First of all, the state seeks an indemnification of sorts for money damages against the federal defendants on grounds that it was acting under federal direction in not allowing multiple pass through payments pursuant to 45 C.F.R. § 302.51. The state therefore argues that it is not legally at fault and cannot be held legally liable for the conduct of which the plaintiff complains. On review of the state defendants' pleadings I find that any ruling in favor of the state defendants at this point is premature insofar as liability for monetary damages to the individual plaintiffs is yet to be established. To the extent that the gist of the state defendants' pleadings is to seek indemnification from the federal defendants, that determination is premature.

I also note the well-established law that the plaintiff may not seek monetary relief against the state due to the bar imposed by the Eleventh Amendment of the United States Constitution. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Federal courts have applied the Eleventh Amendment principles to hold that the bar applies to awards of child support pass-through payments previously withheld in the case of *Vanscoter, supra,* 706 F.Supp. 1432 and *Shackleton v. Sullivan,* No. 88–321–A, 1989 WL 251351 (S.D. Iowa, July 26, 1989 slip op.). Thus, the state would not be liable, for monetary damages based on its failure to pass through/disregard the appropriate number of monthly child support payments. For the foregoing reasons, the state defendants' Motion for Partial Summary Judgment Against the Federal Defendants will be denied.

## PART III

Turning now to the plaintiffs' Motion for Summary Judgment, the issues presented are:

1. Whether from October 1, 1984 through December 31, 1988, federal law required the provision and disregard of a pass-through payment to AFDC assisted families from a child support payment which was not paid in the month in which it was due, or stated another way, whether two pass throughs should have been provided if two monthly support payments were made in the same month and the second payment was intended to apply to any arrearage;

2. Whether on and after January 1, 1989, federal law establishes the date the child support payment is made as the date an absent parent mails the support to the Child Support Enforcement Bureau, or its equivalent in each state, and not the date it is received by the agency;

3. Whether from October 1, 1984, and continuing to the present time, the state defendants' practice of at times establishing the date of collection of a mailed child support payment on a day after the actual date of receipt violates federal law when such a practice operates to deny the AFDC–assisted family a pass-through payment; and

4. Whether the state defendants' failure to provide an AFDC family with notice and an opportunity for a hearing when a pass-through payment is not paid violates the federal Constitution.

Jurisdiction of this Court over the plaintiffs' federal statutory claims arises from the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.,* which authorizes a district court to decide all relevant questions of law in reviewing a claim that an administrative decision is inconsistent with a federal statute or frustrates Congressional policy. The declaratory relief sought is authorized in cases where an actual controversy exists, whether or not further relief could be sought. 28 U.S.C. § 2201. Injunctive and corresponding declaratory relief is available in class actions to prevent the occurrence of a continuing wrong. 28 U.S.C. § 1343(a)(3). Fed.R.Civ.P. 65(c) and 23(b)(2). The following additional facts are necessary for a full understanding of the

issues before the Court as to the plaintiff Loretta Lawyer:

1. The named plaintiff received AFDC benefits in the amount of $210.00 per month from HSD for herself and her child from January through July, 1986; December, 1986 through May, 1988; and September, 1988 through May, 1989.

2. In May, June and July, 1989, only the named plaintiff's child received AFDC benefits; in August, 1989, both plaintiff and her child received AFDC.

3. The non-custodial father (absent parent) of the named plaintiff's child is obligated to make child support payments of $50.00 per month under a court order entered in January, 1986.

4. The absent parent makes his child support payments by mail directly to New Mexico's Child Support Enforcement Bureau ("CSEB").

5. In July, 1986, CSEB collected $100.00 from the absent parent which represented two monthly child support payments. HSD distributed only one $50.00 pass through payment to the named plaintiff, although two monthly payments were collected, and distributed the remaining support to the state or federal governments.

6. On June 23, 1987, CSEB collected $100.00 from the absent parent for his May and June, 1987 support obligations. Because CSEB did not receive the absent parent's May support payment until the following month, HSD did not distribute a pass-through payment to the named plaintiff from the May payment, but distributed the money to the state or federal governments instead.

7. On September 10, 1987, CSEB collected $100.00 from the absent parent for his August and September, 1987 support obligations. Because CSEB did not receive the absent parent's August support payment until September, HSD did not distribute a pass-through payment to the named plaintiff from the August payment, but distributed the money to the state or federal governments.

8. On October 30, 1987 CSEB collected a $50.00 support payment from the absent parent, which was the second monthly support payment collected in that month. HSD did not distribute a pass-through payment to the named plaintiff from the support payment collected on October 30, 1987 but distributed the money to the state or federal governments.

9. The vast majority of absent parents mail their support payments directly to CSEB (mailed payments).

10. HSD uses the date a mailed payment is received by CSEB instead of the date it is postmarked to determine whether a pass through will be paid to the family.

11. HSD establishes the date of receipt (or "collection") of a mailed payment as the date acknowledgment of the payment is entered into CSEB's computer system.

12. CSEB's practice is to enter the date of collection of a mailed payment into the computer at any time within 24 hours of the date of receipt; this means that some payments will be deemed collected on the day following the actual date of receipt.

13. CSEB deposits collected child support payments with its fiscal agent; the support is deposited into a "suspense account."

14. On the last working day of every month, CSEB distributes the support collected in that month for AFDC-assisted families to the family, the state government and the federal government.

15. The state's share of the collected support is not to be taken out of the suspense account administered by the HSD fiscal agent until it becomes the "absolute property" of the state.

16. The share of support that is distributed to the state government is deposited into the "social security fund" which is under the exclusive control of the HSD Secretary.

17. The federal defendant is obligated to pay the "federal matching share" of any unpaid $50.00 pass-through payments owed plaintiffs.

18. AFDC-assisted families are notified annually by HSD of the amount of support

collected by CSEB on its behalf in the previous year.

19. HSD does not provides written notice to an AFDC-assisted family when a pass-through payment is not distributed from a monthly child support payment collected on the family's behalf.

20. HSD's computerized data base does not keep track of pass-through payments which are not paid in the month in which they are due.

Turning now to the plaintiffs' first contention, whether the federal and state regulations impermissibly conflict with the pre-January 1, 1989 version of 42 U.S.C. §§ 657(b)(1) and 602(a)(8)(A), I note that this issue is identical to that raised in the federal defendants' Motion for Summary Judgment, and that I have already ruled that the statutes and regulations are in conflict. *See*, discussion, *supra* at page 1565. My conclusion on this matter is buttressed by the fact that every court which has reviewed this issue has determined that 45 C.F.R. § 302.51(b)(1) violates the plain meaning of 42 U.S.C. §§ 657(b)(1) and 602(a)(8)(A) prior to the effective amendment date of January 1, 1989. *Beasley v. Harris*, 671 F.Supp. 911 (D.C.Conn.1987); *Wilcox v. Petit*, 649 F.Supp. 685 (D.C.Me. 1987); *Humble v. Dept. of Public Aid*, 165 Ill.App.3d 624, 116 Ill.Dec. 509, 519 N.E.2d 99 (1988); *Vanscoter v. Bowen, supra*, 706 F.Supp. 1432; and *Brown v. Angus*, No. CIV 88–C–787 J, 1989 WL 251348 (C.D. Utah, May 8, 1989), slip op.

■ The second issue raised by the plaintiffs is whether the Family Support Act which contained the amendments to 42 U.S.C. §§ 657 and 602 has "changed" rather than "clarified" the administration of the pass-through program. This issue is of primary importance since it is determinative of whether the plaintiff has a cause of action for damages from the period October 1984 through December 31, 1988. In the event this Court were to construe that the amendments were merely a clarification of the previously existing law, then the federal defendants are entitled to a ruling that the plaintiffs were never entitled to a pass through on each of the child support

payments made, regardless of when it was made.

On review of the decisions just cited, this Court is persuaded that the amendments did in fact constitute a change in the law rather than a clarification, especially with regard to the timing of when a child support payment should be credited and to which month that payment shall be credited. There is no evidence in the record that Congress intended merely to clarify the meaning of the statute, nor is there any reference in the record to a suggestion that Congress intended to make the January 1, 1989 amendment retroactive. In fact, the Finance Committee Report explaining the provisions adopted by the conferees concerning the FSA amendments specifically disavowed any intent to resolve the dispute as to the timing of support payments. The report states: "The committee does not intend that an inference be drawn from the enactment of this provision or its effective date as to the meaning of the law as previously in effect." S.Rep. # 100–377, 100th Cong., 2nd Session 17 (1988), U.S.Code Cong. & Admin.News 1988, pp. 2776, 2794. Insofar as the amendments constitute a "change" in the law, and insofar as I have already determined that the plaintiffs are entitled to a recovery of the child support payments not passed through prior to December 31, 1988, I will grant the plaintiffs' Motion for Summary Judgment on this second issue.

■ The third issue presented is the question of whether the Eleventh Amendment bars the plaintiffs' claim to child support payments improperly withheld in the past. The plaintiffs' claim that the Eleventh Amendment does not prevent the restoration of wrongfully retained pass-through payments because they do not inevitably implicate the general revenues of the state treasury. I disagree. As noted in the discussion of the state defendants' Motion for Partial Summary Judgment Against the Federal Defendants, it is well-established that where a lawsuit seeks monetary damages ultimately recoverable from the state, the Eleventh Amendment bars the claim for relief.

In the event that the plaintiffs are able to prove at trial that the monetary damages sought will not be taken from the state treasury, and can be identified as federal or individual monies, the plaintiffs may have stated a cause of action. As such, there is a factual dispute that precludes a summary judgment determination, and the motion is appropriately denied.

■ The next issue raised is whether the date of mailing, and not the date of receipt, should determine whether a pass-through payment will be made under current law. I once again refer to the discussion of this issue contained above at page 6 with regard to the federal defendants' Motion for Summary Judgment. The better-reasoned approach is to hold that a payment is "made" under section 657(b)(1) when mailed, and that the postmark on the envelope containing the payment should be used to determine whether a payment is timely made. To hold otherwise would be tantamount to ruling that a payment may only be acknowledged as "made" after the state has processed the payment through its bureaucratic scheme. Such a result is fundamentally unjust when applied to deny a support recipient a pass through, and has been expressly rejected in the cases of *Berg v. Gardebring,* 708 F.Supp. 238, 240 (D.C.Minn.1989) and *Vanscoter, supra,* 706 F.Supp. at 1441. I will likewise hold that a payment is made when mailed and grant plaintiffs' Motion for Summary Judgment on this issue.

■ The plaintiffs' final claim is that they have been, and are being, denied equal protection of the laws and due process by the pass-through policies complained of herein. Plaintiffs rely on the case of *City of Cleburne, Texas v. Cleburne Living Center,* 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985), for the proposition that a statutory or regulatory classification that denies benefits to persons who are similarly situated to others who receive benefits, violates the equal protection guarantees of the Fifth and Fourteenth Amendments to the Constitution. Due to the application of the regulation, families receiving child support assistance under AFDC-assisted pro-

grams were divided into two classes—those for whom monthly child support was received by the CSEB in the month when due and those for whom monthly child support was received by the agency in an earlier or later month. The result of the interpretation of the regulation was to deprive the child support recipients in the latter class of the pass-through payments contrary to the intent of the statute establishing their entitlement. 42 U.S.C. § 657(b)(1). On review of this issue, I find that 45 C.F.R. § 302.51 as applied prior to the effective date of section 102 of the FSA amendments bears no rational relationship to a legitimate governmental purpose and results in a double standard in evaluating child support payments. *U.S.D.A. v. Moreno,* 413 U.S. 528, 533, 93 S.Ct. 2821, 2825, 37 L.Ed.2d 782 (1973).

■ I also find that the plaintiffs were denied their right to procedural due process to the extent that they were not provided a pre-deprivation hearing or notice each time the CSEB failed to pass through a portion of the monthly child support payment. This ruling is supported by *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); and *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), which hold that the due process clause of the Fifth and Fourteenth Amendments requires that an individual be afforded notice and an opportunity to be heard before the government can deprive him of a property interest.

Having come to the conclusions just noted, the Court finds that the following specific requests for relief are appropriate:

1. A declaration that from October 1, 1984 through December 31, 1988 the defendants violated 42 U.S.C. §§ 657(b)(1) and 602(a)(8)(A) and the equal protection clause of the Fifth and Fourteenth Amendments by failing to pass through to AFDC-assisted families payments of up to $50.00 from each monthly child support payment collected by New Mexico's Child Support Enforcement Bureau;

2. A declaration that from January 1, 1989 and continuing to the present time, the defendants have violated 42 U.S.C. §§ 657(b)(1) and 602(a)(8)(A) and the equal protection clause of the Fifth and Fourteenth Amendments by determining whether a pass-through payment will be paid based on the date a mailed support payment is received by CSEB rather than the date it is postmarked;

3. A declaration that the state defendants are violating the due process and equal protection clauses of the Fourteenth and Fifteenth Amendments by failing to provide adequate notice and an opportunity for a hearing to members of the plaintiffs' class when a monthly child support payment is collected from which a pass-through payment is not distributed;

4. An injunction directing the defendants to use the date of postmark of a mailed support payment to determine whether a payment has been "made in the month when due"; and

5. An injunction directing the state defendants to regularly provide adequate notice and a meaningful opportunity for a hearing to members of the plaintiffs' class whenever a monthly support payment has been collected from which no pass through will be distributed.

This Court will now direct that the plaintiffs prepare the appropriate declarations and the form of injunction to be issued, and shall submit a copy of those documents to the Court no later than September 30, 1990. The defendants shall have the opportunity to respond and should submit any commentary or opposition to the form of the injunction no later than October 20, 1990.

Wherefore,

IT IS ORDERED, ADJUDGED AND DECREED that the federal defendants' Motion for Summary Judgment be, and the same hereby is, *denied.*

IT IS FURTHER ORDERED that the state defendants' Motion for Partial Summary Judgment Against the Federal Defendants be, and the same hereby is, *denied.*

IT IS FURTHER ORDERED that the plaintiffs' Motion for Summary Judgment be, and the same hereby is, *granted in part* in accordance with the foregoing restrictions.